PRUDENTIAL INSURANCE CO. OF AMERICA *v.* DWORKIN.

1. MORTGAGES—FORECLOSURE BY ADVERTISEMENT—POSTPONEMENT OF SALE.

   Oral declaration by sheriff of adjournment of sale on foreclosure of mortgage by advertisement if required to be made in the absence of bystanders under 3 Comp. Laws 1929, § 14430, as amended by Act No. 107, Pub. Acts 1931, giving him power to so adjourn, will be presumed to have been made, where his sworn notice of postponement of record, perpetuating evidence of sale, stated that he had postponed the sale.

2. PLEADING—SUMMARY PROCEEDINGS—MORTGAGES—DEFAULT—NOTICE OF FORFEITURE.

   Plea of not guilty in summary proceedings after foreclosure of mortgage by advertisement does not present question of whether or not mortgagors were in default at time notice of forfeiture was served (3 Comp. Laws 1929, § 14975).

Appeal from Wayne; Webster (Clyde I.), J. Submitted January 19, 1934. (Docket No. 128, Calendar No. 37,436.) Decided March 6, 1934.

Summary proceedings before circuit court commissioner by Prudential Insurance Company of America, a New Jersey corporation, against Sam Dworkin and wife, to recover possession of real estate following foreclosure of a mortgage by advertisement. Judgment for defendants. Plaintiff appealed to circuit court. Judgment for defendants. Plaintiff appeals. Reversed, and remanded with direction to issue writ of restitution.

*Emmons, Oren & Sleeper,* for plaintiff.

*Shapero & Shapero,* for defendants.

NELSON SHARPE, C. J.   There being default in the payments due upon a real estate mortgage executed by the defendants, the plaintiff began foreclosure thereof by advertisement.   The notice thereof was duly published, and stated therein that the sale thereof would be made "at the southerly or Congress street entrance to the county building in the city of Detroit, Wayne county, Michigan" on the 30th day of May, 1932, at 12 o'clock noon, eastern standard time.   The sale was not made until the following day.   On June 6, 1933, the plaintiff, who had purchased at the sale, filed a petition with the circuit court commissioner to recover possession under 3 Comp. Laws 1929, § 14975.   On the return day of the summons issued pursuant thereto, the defendants appeared specially and pleaded "not guilty," and moved to dismiss on the ground that the sale was invalid for the reason that it had not been legally postponed.   The motion to dismiss was granted, whereupon the plaintiff took an appeal to the circuit court.   After the submission of proof, the trial court also found that the sale was invalid and entered a judgment for the defendants, from which the plaintiff has appealed.

The sheriff's deed was executed and acknowledged by Ruby S. Fischer, a deputy sheriff, on May 31, 1932.   Attached thereto and recorded therewith on June 2, 1932, was an affidavit of Mr. Fischer, in which he stated that he acted as auctioneer at the sale, that it was opened on the 31st day of May, 1932, at the hour and at the place designated in the notice therefor, and was kept open for an hour, and that the property was sold to the plaintiff, it being the highest bidder therefor.

On May 6, 1933, the following document as it appears in the record was also recorded by the register of deeds:

"NOTICE

"The above mortgage foreclosure sale dated May 30, 1932, has been postponed to May 31, 1932, and will be held at the same hour and place, May 31, 1932.

"RUBY S. FISCHER,
"Deputy Sheriff.

(Published Notice Attached)

"I, Ruby S. Fischer, deputy sheriff for the county of Wayne and State of Michigan, do hereby certify that I posted the above notice of postponement of mortgage foreclosure sale on the bulletin board at the Congress street entrance of the Wayne county building, Detroit, Michigan, before noon May 30, 1932.

"RUBY S. FISCHER,
"Deputy Sheriff.

"Subscribed and sworn to before me this 30th day of May, A. D. 1932.

"A. M. DELANEY,
"Notary public, Wayne county, Michigan.
"My commission expires June 25, 1935."

Section 14425 *et seq.*, 3 Comp. Laws 1929, provides for the foreclosure of real estate mortgages by advertisement. The contents of the notice to be published, the time of publication and the place of sale are prescribed in 3 Comp. Laws 1929, §§ 14427, 14428, 14429. Section 14430, as amended by Act No. 107, Pub. Acts 1931, reads as follows:

"Such sale may be postponed from time to time, by inserting a notice of such postponement, as soon as practicable, in the newspaper in which the original advertisement was published, and continuing such publication until the time to which the sale shall be postponed, at the expense of the party requesting such postponement.

"The sheriff or other officer making such sale shall have power to adjourn the same from time to

time, for a reasonable cause and shall post notice of such adjourned sale at the place where said sale is to be made and if such adjournment be for more than one week he shall also give notice thereof in the newspaper in which the original notice was printed, and immediately following the same, and shall continue a publication of such notices during the time for which such sale shall be adjourned.''

The following sections provide for perpetuating the evidence of the sale:

SECTION 14439: ''Any party desiring to perpetuate the evidence of any sale made in pursuance of the provisions of this chapter, may procure:

''1.    An affidavit of the publication of the notice of sale, and of any notice of postponement, to be made by the publisher of the newspaper in which the same was inserted, or by some person in his employ knowing the facts; and

''2.    An affidavit of the fact of any sale pursuant to such notice, to be made by the person who acted as auctioneer at the sale, stating the time and place at which the same took place, the sum bid, and the name of the purchaser, and

''3.    An affidavit setting forth the time, manner and place of posting a copy of such notice of sale to be made by the person posting the same.''

SECTION 14440: ''The affidavits specified in the last preceding section may be taken and certified by any officer authorized by law to administer oaths.''

SECTION 14441: ''Such affidavits shall be recorded at length by the register of deeds of the county in which the premises are situated, in a book kept for the record of deeds; and such original affidavits, the record thereof, and certified copies of such record, shall be presumptive evidence of the facts therein contained.''

While the sheriff's deed and the affidavit of the auctioneer appear in the record, it does not contain

an affidavit of the publication of the notice or "the time, manner and place of posting a copy of such notice of sale to be made by the person posting the same," as provided for in 3 Comp. Laws 1929, § 14439, subd. 3. That it was offered and received in evidence as a part of the record is apparent from the remark then made by defendants' counsel: "The affidavit of posting shows that the notice posted shows day of sale May 30, 1932." The affidavit of postponement, above quoted, while made on the day on which the postponement was made, was not recorded with the deed and other papers. It but verified the notice of postponement, and was entitled to be recorded under the statute, and its record later did not affect its admissibility to establish the fact stated therein.

The claim of invalidity most strongly insisted upon by the defendants is the lack of evidence to prove that the deputy sheriff actually announced an adjournment of the sale at the time the notice was posted. It is insisted that under the amendment to section 14430, above quoted, which gives the sheriff the power to adjourn, it must be exercised by him by an oral declaration to that effect. In the absence of bystanders or persons within the sound of his voice, such a declaration would seem to be a useless expenditure of lung power, but, if it be required, in our opinion the law will presume that it was performed by him. He stated in his "notice" that the sale had been "postponed," and, if it had, about which there seems to be no dispute, such statement apprised all those who read it that he had performed his full duty in making the postponement.

In the early case of *Cofield* v. *McClelland,* 16 Wall. (83 U. S.) 331, the supreme court of the United States, in passing upon the validity of a deed in which a probate judge was authorized to convey a

lot in pursuance of an act of congress, after advertising and posting a notice thereof in three public places, said:

"The [probate] judge was not living at the time of the trial, and there was no evidence that the notice was posted in three public places in the town. We think this is a case in which the presumption applies that the officer has done his duty, especially as no provision was made in the act for procuring the evidence that notice had been published."

This holding was referred to approvingly by Mr. Justice COOLEY in *Sinclair* v. *Learned,* 51 Mich. 335. The validity of a sheriff's deed on foreclosure by advertisement was there attacked. One of the grounds therefor was that the deed executed by him was not filed with the register as required by the statute. It was shown that the register "kept no books to show the date when such deeds were received in his office." It was said:

"As the statute, Comp. Laws (1871), § 6920, made it the duty of the sheriff to file the deed immediately, it would seem that the presumption of law that an officer performs his duty ought to prevail until the fact was disproved. This is a very necessary presumption where considerable time has elapsed since the official act was done or should have been done, and it ought to prevail so far at least as to throw the burden of proof upon the party questioning it, unless the circumstances of the case overturn it."

The rule thus stated is supported by authority.

"There is always a presumption that official acts or duties have been properly performed, and in general it is to be presumed that everything done by an officer in connection with the performance of an official act in the line of his duty was legally done,

whether prior to the act, such as giving notice, or determining the existence of conditions prescribed as a prerequisite to legal action, or subsequent to such act." 22 C. J. p. 130.

"One form of the presumption that a public officer does his duty is expressed in the rule that acts done by such officers which presuppose the existence of other acts to make them legally operative are presumptive proof of the existence of the latter." 22 R. C. L. p. 474.

"Where an act is done which can be done legally only after the performance of some prior act, proof of the latter carries with it a presumption of the due performance of the prior act." *Knox County* v. *Ninth National Bank* (syllabus), 147 U. S. 91 (13 Sup. Ct. 267).

Defendants also insist that at the hearing before the commissioner, and in the circuit court on appeal, the burden was cast on the plaintiff to show that there was default in the contract at the time the notice of forfeiture was served. It is enough to here say that no such question was presented to the commissioner by the defendants by their plea of "not guilty." *Manuel* v. *Federal Commercial & Savings Bank,* 227 Mich. 647; *Casey* v. *Goetzen,* 240 Mich. 41.

The judgment of the circuit court is reversed and set aside, with costs to appellant, and the cause remanded with directions to issue the writ of restitution prayed for in plaintiff's petition.

POTTER, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.