*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 04a0381p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

BEACON JOURNAL PUBLISHING COMPANY, INC., et al.,

*Plaintiffs-Appellants,*

*v.*

J. KENNETH BLACKWELL, et al.,

*Defendants-Appellees.*

No. 04-4313

Filed: November 2, 2004

Before: KEITH, CLAY, and COOK, Circuit Judges

---

## ORDER

---

CLAY, Circuit Judge. Plaintiffs-Appellants, the Beacon Journal Publishing Company, which publishes the daily newspaper The Beacon Journal (the "Beacon Journal"), and the Beacon Journal's Deputy Metro Editor M. Charlene Nevada, move this Court for emergency injunctive relief from the district court's order denying their motion for a temporary restraining order and a preliminary injunction. Plaintiffs brought suit under 42 U.S.C. § 1983 alleging that the manner in which Defendants J. Kenneth Blackwell, the Ohio Secretary of State, and the Summit County Board of Elections, interpret and intend to enforce Ohio Revised Code § 3501.35 would have the effect of abridging their First Amendment rights. For the reasons that follow, we **VACATE** the district court's order.

Ohio Revised Code § 3501.35 provides in pertinent part:

[N]o person shall loiter or congregate within the area between the polling place and the small flags of the United States placed on the thoroughfares and walkways leading to the polling place....

...

No person, not an election official, employee, witness, challenger, or police officer, shall be allowed to enter the polling place during the election, except for the purpose of voting.

Ohio Revised Code § 3501.35 (Anderson 2002). On October 20, 2004, Defendant Blackwell issued a directive advising all Ohio Boards of Elections that the statute's prohibition applies to "*anyone*." *See* Directive No. 2004-40. Plaintiffs allege that on October 29, 2004, they were denied access to a polling

1

place where early voting was held. In addition, Defendant Blackwell's attorney Keith Scott represented to Plaintiffs that Blackwell's directive applied to reporters and photographers. Finding that Ohio and Summit County "have a compelling interest in making sure that voters vote freely and without intimidation," the district court denied Plaintiffs' request to restrain or enjoin Defendants from enforcing Blackwell's directive.

A district court's decision to deny a temporary restraining order – where, as here, that denial amounts to the denial of injunctive relief – is reviewed by this Court for abuse of discretion. *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). While clearly erroneous fact-finding constitutes abuse of discretion, so, too, does the improper application of governing law. *Blue Cross & Blue Shield Mut. v. Blue Cross and Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir. 1997). The district court's decision in this case is of the latter sort. While we may assume, without deciding, that Ohio's interest in ensuring orderly elections is compelling, our evaluation of Defendants' proposed course of action may not cease with that conclusion. Instead, Defendants bear the burden of demonstrating that their application of § 3501.35's blanket prohibition to members of the press – whose objective, far from interfering with the right to vote, is rather to report the news of the day to their fellow Ohio citizens – is necessary to further the state's aforementioned interest and "narrowly drawn to achieve that end." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983). Defendants have made no such showing. Indeed the district court's fear of "turmoil that could be created by hordes of reporters and photographers" is purely hypothetical and cannot, therefore, support Defendants' proposed restriction of the First Amendment's guarantee that state conduct shall not abridge "freedom . . . of the press." U.S. CONST. amend. I. This Court has recently observed that "[d]emocracies die behind closed doors." *Detroit Free Press v. Ashcroft*, 303 F.3d 681, 683 (6th Cir. 2002). It is for this reason that the public "deputize[s] the press as the guardians of their liberty." *Id*.

With these principles in mind, we find that Plaintiffs present a strong likelihood of success on the merits of their challenge to Defendants' enforcement of Blackwell's directive. Because we find the district court failed to interpret and apply § 3501.35 consistent with the First Amendment, but instead interpreted and applied the statute overly broadly in such a way that the statute would be violative of the First Amendment, we therefore **VACATE** the district court's order, and we order that Defendants immediately and forthwith permit Plaintiffs to have reasonable access to any polling place for the purpose of news-gathering and reporting so long as Plaintiffs do not interfere with poll workers and voters as voters exercise their right to vote.

IT IS SO ORDERED.

COOK, Circuit Judge, dissenting.  We review a denial of injunctive relief for abuse of discretion. *Blue Cross & Blue Shield Mut. v. Blue Shield Ass'n,* 110 F.3d 318, 322 (6th Cir. 1997).  The district court's determination will be disturbed only if the district court relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard. *Id.*  Despite the potential merit of the Beacon-Journal's First Amendment claim, I cannot conclude that the district court abused its discretion in denying injunctive relief under the circumstances.  I respectfully dissent.

ENTERED BY ORDER OF THE COURT


/s/ Leonard Green
_____
Clerk