NOT RECOMMENDED FOR PUBLICATION
File Name: 13a1034n.06

No. 13-1119

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| TERRY C. RISHOI and JAN C. RISHOI, | ) | |
| | ) | **FILED** |
| Plaintiffs-Appellants, | ) | Dec 17, 2013 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST | ) | |
| COMPANY, as trustee in Trust for Registered | ) | ON APPEAL FROM THE |
| Holders of ARGENT SECURITIES INC. ASSET- | ) | UNITED STATES DISTRICT |
| BACKED PASS-THROUGH CERTIFICATES, | ) | COURT FOR THE EASTERN |
| SERIES 2006-MI; HOMEWARD RESIDENTIAL, | ) | DISTRICT OF MICHIGAN |
| INC., f/k/a AMERICAN HOME MORTGAGE | ) | |
| SERVICING, INC., as successor in interest to | ) | |
| ARGENT MORTGAGE COMPANY, LLC; THE | ) | OPINION |
| HOME LOAN CENTER, LLC, a/k/a APOLLO | ) | |
| MORTGAGE GROUP, LLC, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

Before:  **DAUGHTREY, KETHLEDGE, and DONALD, Circuit Judges.**

**BERNICE BOUIE DONALD, Circuit Judge.**  Terry and Jan Rishoi appeal the dismissal

of their complaint, whose claims stemmed from an allegedly wrongful foreclosure-by-advertisement

under Michigan law.  Relying on Federal Rule of Civil Procedure 12(b)(6), two of the three

defendants named in the complaint—Deutsche Bank National Trust Company and Homeward

Residential, Inc., f/k/a American Home Mortgage Servicing, Inc.—filed a motion to dismiss it.  The

District Court granted the motion and also dismissed the third defendant, the Home Loan Center,

LLC, a/k/a Apollo Mortgage Group, LLC, for lack of service of process.[1]  The Rishois do not challenge the dismissal of Home Loan, and, for reasons explained below, we AFFIRM the dismissal of their claims against Deutsche Bank and Homeward Residential.

I.

A.    Factual Background

On March 16, 2006, the Rishois obtained a loan in the amount of $399,500.00 from Home Loan to purchase real property located at 2904 Brockman Boulevard in Ann Arbor, Michigan.  In exchange, the Rishois executed a promissory note ("Note") and granted a mortgage ("Mortgage") in favor of Home Loan, and the mortgage agreement listed Home Loan as lender and mortgagee. Argent Mortgage Company, LLC, and, later, Homeward Residential were the loan servicers.

At some point, Home Loan changed its name to "Apollo Mortgage Group, LLC" ("Apollo"). Although the name-change document is dated April 17, 2002, it bears a file stamp with the date of April 28, 2006.  Stephen Collias both executed the name change on behalf of Home Loan and prepared the Rishois' Mortgage.

On October 11, 2006, Home Loan assigned the Mortgage to Argent ("Assignment 1"), who, in turn, assigned it to Deutsche Bank on September 5, 2008 ("Assignment 2").  Assignment 2

---

[1]  Although the motion to dismiss identified both Rules 12(b)(1) and 12(b)(6) as bases for dismissal, it made no mention of subject-matter jurisdiction, stating that the Rishois "failed to state a claim upon which relief can be granted," and its supporting brief provided the standard of review only for motions under Rule 12(b)(6).  Additionally, in granting the motion to dismiss, the District Court applied Rule 12(b)(6) and made no mention of Rule 12(b)(1).

indicated that Citi Residential Lending Inc. ("Citi") was Argent's "attorney in fact" and that Dawn

Reynolds executed the assignment as Citi's agent.

The Rishois subsequently defaulted on their obligations under the Note and Mortgage,[2] and

foreclosure-by-advertisement proceedings were commenced. A notice dated October 18, 2011

("Notice 1"), was sent to the Rishois; it provided the terms under which they could effect a loan

modification to avoid foreclosure. The notice also identified Homeward Residential as the noticing

party and the law firm of Potestivo & Associates, P.C., as Homeward Residential's designee. It did

not name Deutsche Bank. A similar notice was published in a local newspaper, the Washtenaw

County Legal News, on October 20, 2011.[3]

A subsequent notice, entitled "Foreclosure Notice" ("Notice 2"), was published in the same

newspaper on November 17, November 24, December 1, and December 8, 2011, naming Deutsche

Bank as the assignee of the Mortgage and identifying Potestivo as Deutsche Bank's attorneys.

Notice 2 stated that the Brockman Boulevard property would be sold at a sheriff's sale on December

15, 2011, but explained that the Rishois could redeem it within six months of the date of the

sale—no later than June 15, 2011. Deutsche Bank was the winning bidder at the sale.

---

[2] Although the Rishois have stated, both in their response to Deutsche Bank and Homeward Residential's motion to dismiss below and on appeal, that they only "*allegedly* defaulted on their loan," (emphasis added), they have put forward no argument or evidence to the contrary.

[3] The published notice did not name Homeward Residential or Deutsche Bank, stating that the Rishois could "request a meeting with their mortgage holder *or* mortgage servicer," but identified Potestivo as "the designee with authority to make [the relevant] agreements[.]" (Emphasis added.)

B.     Procedural Background

On June 11, 2011, four days before the redemption period expired, the Rishois sued Deutsche Bank, Homeward Residential, and Home Loan in state court, asserting the following seven claims: two counts of wrongful foreclosure (Counts I & II); fraud (Count III); slander of title (the first Count V);[4] quiet title (the second Count V); breach of contract (Count VII);[5] and violations of the Truth in Lending Act of 1968 ("TILA"), 15 U.S.C. § 1641 (the third Count V).  Home Loan never was served with the summons and complaint, and, on July 5, 2012, Deutsche Bank and Homeward Residential removed the case to the United States District Court for the Eastern District of Michigan, invoking federal question jurisdiction under 28 U.S.C. § 1331.[6]

Once in federal court, Deutsche Bank and Homeward Residential filed a motion to dismiss the Rishois' complaint under Rule 12(b)(6).  After briefing and oral argument from both sides,  the District Court granted the motion and also dismissed Home Loan for lack of service of process.  The

---

[4] The Rishois' complaint contains no Count IV and three Count Vs.  The first Count V is for slander of title; the second is a quiet title claim; and the third is a Truth in Lending Act claim. None of these is at issue in this appeal.

[5] The Rishois' complaint also contains no Count VI and proceeds directly from the second Count V to Count VII.

[6] Although both the Rishois and Appellees assert that removal of this matter was "on the basis of diversity of citizenship,"(Appellee Br. at 11; *accord* Appellants' Br. at 6), the notice of removal, (D.E. # 1, Notice of Removal ¶ 7, PageID # 2), expressly invoked 28 U.S.C. § 1331, which provides for federal question jurisdiction: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." TILA was the federal law on which jurisdiction was based.  Diversity jurisdiction is provided for by 28 U.S.C. § 1332(a).

Rishois timely appealed, declining to challenge the dismissal of Home Loan but reasserting three claims against Deutsche Bank and Homeward Residential:

**(1)** that either the wrong party foreclosed the Mortgage or Deutsche Bank foreclosed in concert with Homeward Residential, in violation of Michigan Civil Law ("MCL") § 600.3204(3);

**(2)** that because Home Loan had changed its name to Apollo four years before the Mortgage was recorded, **(a)** the Mortgage, which listed Home Loan as mortgagee, was recorded with a nonexistent mortgagee in violation of MCL § 600.3204(1)(c); and **(b)** there either must have been a transfer of the Mortgage from Home Loan to Apollo before the Mortgage was assigned to Argent, which assignment was unrecorded, or Home Loan improperly assigned the Mortgage to Argent while it was held by Apollo. Both circumstances violate MCL § 600.3204(3).

**(3)** that because Citi executed the assignment from Argent to Deutsche Bank, there must have been a prior transfer of the Mortgage between Argent and Citi, which was unrecorded and therefore violates MCL § 600.3204(3).

II.

We review the dismissal of the Rishois' claims de novo, *Courie v. Alcoa Wheel & Forged Prods.,* 577 F.3d 625, 629 (6th Cir. 2009), guided by the Supreme Court's instruction in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under these precedents, a complaint must "'contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Courie*, 577 F.3d at 629 (quoting *Iqbal*, 556 U.S. at 678). Otherwise, it cannot withstand the application of Rule 12(b)(6). *Id.*

The plausibility standard finds its source in Rule 8's requirement that a plaintiff make "a short and plain statement of [each] claim showing that [she] is entitled to relief." *Iqbal*, 556 U.S.

at 677-78 (quoting Fed. R. Civ. P. 8(a)(2)).  Although the standard "does not require 'detailed factual allegations,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 555), or demand a showing of probability, *Barney v. PNC Bank*, 714 F.3d 920, 924 (6th Cir. 2013), "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not discharge a plaintiff's burden, nor will a "'formulaic recitation of the elements of a cause of action[.]'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Instead, a complaint must enable a court reasonably to infer that a named defendant is liable for the misconduct that it alleges.  *Id.* (citation omitted).

In this case, federal jurisdiction was based on 28 U.S.C. § 1331 because of the Rishois' TILA claim.  (D.E. # 1, Notice of Removal ¶ 7, PageID # 2.)  Supplemental jurisdiction therefore provided the basis for the District Court's adjudication of the Rishois' state-law claims, *see* 28 U.S.C. § 1367(a), and required the court to apply Michigan law.  *See Super Sulky, Inc. v. United States Trotting Ass'n*, 174 F.3d 733, 741 (6th Cir. 1999) ("A federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction."); *cf. Conlin v. MERS*, 714 F.3d 355, 358 (6th Cir. 2013). ("Where, as here, federal jurisdiction is based on diversity, this Court applies the substantive law of the forum state—in this case, Michigan.")  Because the Rishois reassert state-law claims on appeal, we likewise must apply Michigan law to resolve them.

III.

The District Court concluded that none of the Rishois' claims satisfied the plausibility standard, finding that the Rishois "fail[ed] to allege any irregularity or fraud sufficient to justify setting aside the Sheriff's sale." The court began, however, by addressing Appellees' contention that, because the redemption period for the Brockman Boulevard property had expired, the Rishois lacked standing to assert the claims in the first place. Although Appellees relied on the decision of the Michigan Court of Appeals in *Overton v. MERS*, No. 284950, 2009 Mich. App. LEXIS 1209, at *3-4 (Mich. Ct. App. May 28, 2009)*,* the *Overton* court did not actually address the issue of standing. As the District Court observed, cases since *Overton* have explained that it "is best viewed as a merits decision, not a standing case." *E.g., Lamie v. Fed. Home Loan Mortg. Corp.*, No. 1:11-cv-156, 2012 U.S. Dist. LEXIS 70091, at *8 (W.D. Mich. May 21, 2012) (citation and internal quotation marks omitted). Accordingly, the District Court proceeded to the question on which *Overton* itself ultimately turned: whether the Rishois could make "a clear showing of fraud, or irregularity." 2009 Mich. App. LEXIS 1209, at *3.

In Michigan, foreclosures-by-advertisement are governed by a discrete statutory scheme. *Conlin,* 714 F.3d at 359. As this court recently explained, the "scheme was meant to, at once, impose order on the foreclosure process while still giving security and finality to purchasers of foreclosed properties." *Id.* Under it, a mortgagor has six months to redeem a property after a sheriff's sale. *Id.* (citing MCL § 600.3240(8)). Filing a lawsuit will not toll the running of the redemption period, *see Overton*, 2009 Mich. App. LEXIS 1209, at *3, and, once the redemption period expires, "the mortgagor's right, title, and interest in and to the property are extinguished,"

*Conlin,* 714 F.3d at 359. (citation and internal quotation marks omitted). The lapsing of the redemption period also "drastically circumscribe[s]" courts' ability to set aside a sheriff's sale, *id.*, and they will do so only if the mortgagor makes "a clear showing of fraud, or irregularity," *Schulthies v. Barron*, 167 N.W.2d 784, 785 (1969), that is "relate[d] to the foreclosure procedure itself," *El-Seblani v. Indymac Mortg. Servs.*, 510 F. App'x 425, 429 (6th Cir. 2013) (citing *Freeman v. Wozniak*, 617 N.W.2d 46, 49 (Mich. Ct. App. 2000) (quotation omitted)).

Here, the property at issue was sold to Deutsche Bank at a sheriff's sale on December 15, 2011, which triggered the running of the six-month redemption period. *See* MCL § 600.3240(8). And although the Rishois filed this action on June 11, 2011, the redemption period continued to run. *See Overton*, 2009 Mich. App. LEXIS 1209, at *3. Accordingly, on June 15, 2011, the Rishois "lost all right, title, and interest in and to the property[.]" *Conlin,* 714 F.3d at 359. Like the District Court, we conclude that the Rishois have failed to make the showing of fraud or irregularity that, consequently, is necessary to set the sheriff's sale aside. *See Schulthies*, 167 N.W.2d at 785.

As an initial matter, we note that the District Court found that the Rishois failed to state a claim for fraud or irregularity when one of the claims at issue, Count III, was expressly for "fraud." The Rishois have not revived that claim on appeal, nor have they asserted any other claims of fraud; accordingly, for the Rishois to prevail, one or more of the claims that they have raised must establish an irregularity in the foreclosure proceedings. *See Schulthies*, 167 N.W.2d at 785; *El-Seblani*, 510 F. App'x at 429. Further, such a showing would be only half the battle. As their opponents point out, (Appellees' Br. at 12), the Michigan Supreme Court recently explained that

proving a defect or irregularity in a foreclosure proceeding "[will] result in a foreclosure that is *voidable*, not void *ab initio*." *Kim v. JP Morgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012) (initial emphasis added). Consequently, the Rishois also must establish that prejudice resulted from any alleged irregularity to reclaim their property. *See id.* "To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent [Appellees'] noncompliance with the statute." *Id.*

The Rishois acknowledge that they failed to plead prejudice in their complaint, explaining that, at the time of its filing, *Kim* had not yet clarified that a showing of prejudice is required to set aside a sheriff's sale based on an alleged irregularity in the foreclosure proceedings. (Br. at 13 n.2.) They aver that, should they succeed in having this case remanded, they will amend their complaint to remedy this deficiency. (*Id.*) But as none of the Rishois' claims establish the necessary irregularity in the first place, they cannot prevail.

The first of the Rishois' claims on appeal asserts that Deutsche Bank either was not the foreclosing party or that it foreclosed their mortgage in concert with Homeward Residential, the loan servicer. Both, the Rishois contend, are prohibited by MCL § 600.3204(3), which requires a record chain of title leading to the entity that forecloses on a mortgage if that entity is not the original mortgagee. (*See* Appellants' Br. at 11-12.) But the notice that was published in the Washtenaw County Legal News on October 20, 2011, which the Rishois contend "started the foreclosure process," (*id.* at 12), was *not* a foreclosure notice. As the District Court explained, the notice merely provided the terms under which the Rishois could effect a loan modification to *avoid* foreclosure.

By contrast, Notice 2, which was published in the Washtenaw County Legal News on November 17, November 24, December 1, and December 8, 2011, in clear conformity with Michigan statutory requirements, *see* MCL § 600.3208 (requiring that notice of foreclosure be published for four successive weeks prior to a foreclosure sale), was expressly entitled "Foreclosure Notice" and identified Deutsche Bank as the assignee of the Rishois' Mortgage.

Accordingly, the fact that neither Notice 1, which was sent to the Rishois, nor the similar notice that was published on October 20, 2011, identified Deutsche Bank by name is irrelevant. MCL § 600.3205a(1)(b) expressly states that "*before* commencing [a foreclosure], the foreclosing party shall serve a written notice on the borrower that contains . . . . [t]he names, addresses, and telephone numbers of the mortgage holder, the *mortgage servicer*, or *any agent designated by the mortgage holder or mortgage servicer*." (Emphasis added.) In other words, the statute authorizes Deutsche Bank and Homeward Residential to do exactly what they did. This claim therefore fails.

So, too, does the Rishois' second claim fail. On the back of the tenuous assertion that, because Home Loan changed its name to Apollo, it somehow ceased to exist, the Rishois contend that (1) the assignment from Home Loan to Argent involved a non-existent entity in violation of MCL § 600.3204(1)(c)'s requirement that a mortgage be "properly recorded"; and (2) there must, at some point, either have been a transfer of their mortgage between Home Loan and Apollo—which, if true, was unrecorded—or Home Loan improperly assigned to Argent a mortgage that actually was held by Apollo, in violation of MCL § 600.3204(3).

In support of this claim, the Rishois allege that Home Loan's name change took place on April17, 2002, (Br. at 8, 14), when the name-change document is dated, rather than on April 28, 2006, the date with which the document is file stamped. The District Court apparently credited this allegation, and, viewing the facts in the light most favorable to the Rishois, *see Courie*, 577 F.3d at 629, we do the same. But it makes little difference.

First, we note that the Rishois have adduced no evidence that Home Loan and Apollo are separate entities rather than different names of the same entity, as the record suggests. Indeed, the Rishois' complaint acknowledges that the same person, Stephen Collias, executed the name change for Home Loan and prepared the Rishois' Mortgage. (*See* D.E. # 1-2, Comp. ¶ 15, PageID # 12). Second, as the District Court noted, "Plaintiffs offer no legal authority for the proposition that an entity ceases to exist when it changes its name." The Rishois assert in their brief that "a dissolved entity cannot dispose of property," (Br. at 14), but, again, adduce no evidence that suggests that Home Loan did anything other than change its name. And to the extent that having the "wrong" name—for the same company—on the Rishois' mortgage agreement might have led to improper recording under MCL § 600.3204(1)(c), the Rishois, as discussed above, have demonstrated no prejudice that resulted from it. Accordingly, they cannot set aside the sheriff's sale on that basis.

That there is only one company with two names, rather than two companies, similarly defeats the Rishois' conjecture about whether there was an unrecorded assignment or an improper transfer

between Home Loan and Apollo that would impugn the record chain of title in violation of MCL § 600.3204(3).

As to the third and final claim, assuming *arguendo* that there was an unrecorded assignment between Citi and Argent, the Rishois do not benefit from it for three reasons. First, as non-parties to the assignment, they lack the standing to challenge it. *See Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010). Second, "an irregularity affecting the validity of a transfer" does not destroy the record chain of title required by MCL § 600.3204(3). *Id.*; *see also Peterson v. Jacobs*, 6 N.W.2d 533, 536 (Mich. 1932) ("[S]light and inconsequential irregularities in a foreclosure [do] not vitiate the sale[.]"). And third, as with their previous claims, the Rishois cannot establish any resulting prejudice. *See Kim*, 825 N.W.2d at 337. Accordingly, this claim also fails.

## IV.

Even when all of the Rishois' allegations on appeal are accepted as true, they cannot prevail. Their property has been sold at a sheriff's sale, and the filing of the present action did not toll the subsequent running of the redemption period, which has now expired. The Rishois have made no showing of fraud, nor have they pleaded or proved prejudice resulting from any irregularity in the foreclosure proceedings as would warrant setting the sheriff's sale aside. Accordingly, the Rishois' claims are unavailing, and we AFFIRM their dismissal under Rule 12(b)(6).