NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 14a0444n.06

Case No. 13-2157

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 17, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| TOM FARNSWORTH; PAMELA FARNSWORTH, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| v. | ) ) | |
| NATIONSTAR MORTGAGE, LLC; UNKNOWN TRUSTEE, THE UNKOWN TRUSTEE FOR THE UNKNOWN ASSET-BACKED-SECURITY IN WHICH THE MORTGAGE AT ISSUE WAS POOLED; UNKNOWN TRUST, THE UNKNOWN ASSET-BACKED SECURITY IN WHICH THE LOAN WAS POOLED, | ) ) ) ) ) ) ) ) ) | |
| Defendants-Appellees. | ) ) | OPINION |

BEFORE: GRIFFIN and DONALD, Circuit Judges; GRAHAM, District Judge.[*]

**Bernice B. Donald, Circuit Judge.** In what is becoming an increasingly common issue for us, this appeal focuses on an alleged wrongful foreclosure by advertisement under Michigan law, Mich. Comp. Laws §§ 600.3201-600.3285. *See, e.g.*, *Elsheick v. Select Portfolio Servicing Inc.*, 2014 U.S. App. LEXIS 9675 (6th Cir. May 22, 2014); *Rishoi v. Deutsche Bank Nat'l Trust Co.*, 552 F. App'x 417 (6th Cir. 2013). Here, Tom and Pamela Farnsworth appeal essentially

---

[*] The Honorable James L. Graham, United States District Court for the Southern District of Ohio, sitting by designation.

every order from the district court, arguing: (1) that this Court does not properly have jurisdiction and that the district court erred in denying the Farnsworths' motion to remand the case to state court; (2) that the district court erred in denying the Farnsworths' motion for a temporary injunction to prevent the expiration of the statutory redemption period for their property; (3) that the district court erred in refusing to set aside the sheriff's sale of their property; and (4) that the district court erred in dismissing all of their claims with prejudice. As explained below, we **AFFIRM**.

I.

On June 26, 2006, the Farnsworths executed a $118,000 mortgage with Centex Home Equity Company to secure real property in Wyandotte, Michigan. Shortly thereafter, Centex changed its name to Nationstar Mortgage LLC. After Tom Farnsworth lost his job, the Fransworths requested help with their mortgage payments. They purportedly received information indicating that they were eligible for a loan modification, so the Farnsworths sent in the necessary information. According to the Farnsworths, they were then relegated to "Paperwork Hell," which they define as a well-known deceptive process that loan servicers use to ensure that mortgagors cannot pay and thereby ensure a foreclosure. The Farnsworths allege that throughout this process they were eligible for a traditional or in-house loan modification but that Nationstar wanted to reap the "windfall" of a foreclosure and thus failed to work with them.

As the Farnsworths describe their version of paperwork hell, they kept submitting the information Nationstar requested, but Nationstar would keep requesting new or different documents and additional "qualifying payments." The Farnsworths allege that on two separate occasions they submitted the necessary paperwork and a $1,100 qualifying payment to secure a permanent loan modification. The Farnsworths do not offer any details regarding when they

received the information indicating that they were preapproved for a loan modification or when they submitted their information and qualifying payments. On July 17, 2012, the Farnsworths received another letter, which indicated that Nationstar could not process their modification until they submitted a signed and notarized copy of the Loan Modification Agreement and made another qualifying payment of $1,449.36.[1] The Farnsworths did not sign or return this agreement and did not tender the $1,449.36 qualifying payment. The Fransworths were not granted a modification and defaulted on their obligations under the loan.

On June 18, 2012, pursuant to Mich. Comp. Laws § 600.3205a, Nationstar sent notice to the Farnsworths and commenced foreclosure by advertisement. At some unspecified point, the Farnsworths claim that they requested a meeting under Mich. Comp. Laws § 600.3205b but that they were never provided with a meeting. For four consecutive weeks beginning on August 2, 2012, Nationstar published Notices of Foreclosure in the *Detroit Legal News*, and on August 6, 2012, Nationstar posted the Notice of Foreclosure on the property itself. On August 30, 2012, Nationstar purchased the property at a sheriff's sale. The redemption period was set to expire on March 2, 2013.

On February 20, 2013—ten days before the expiration of the statutory redemption period—the Farnsworths filed suit in Wayne County, Michigan Circuit Court against Nationstar, as well as the unknown trustee for the unknown asset-backed security in which their mortgage was pooled and the trust for the asset-backed security in which their loan was pooled. The Farnsworths brought eight claims: (I) Breach of Contract; (II) Declaratory Relief that the Foreclosure Violates Mich. Comp. Laws § 600.3204(1) & (3); (III) Declaratory Relief that the

---

[1] The Farnsworths' complaint does not provide any details regarding these first two exchanges of loan modification agreements and $1,100 qualifying payments. Nationstar denies that this correspondence ever occurred. Unlike these supposed first two letters and proposed loan modification agreements, the Farnsworths did attach a copy of the July 17 letter to their complaint. Indeed, the Fransworths' complaint refers to the July 17 letter to provide evidence of their first two letters, calling it "[a] copy of a similar letter and the proposed Loan Modification Agreement."

Foreclosure Violates Mich. Comp. Laws § 600.3205a and § 600.3205c and § 600.3204(4); (IV) Intentional Fraud; (V) Constructive Fraud; (VI) Negligence against Nationstar; (VII) Tortious Interference with Contractual Relations against the Trustee of the asset-backed security; and (VIII) Civil Conspiracy. The complaint contained several allegations regarding the alleged securitization or transfer of the Farnsworths' loan and claimed that the foreclosure was improper because it involved violations of a pooling-and-service agreement made with an unknown trust.

The same day, the Farnsworths also sought to stay the redemption period by filing a Motion for Preliminary Injunctive Relief. After a hearing, the Wayne County Circuit Court entered an order adjourning the motion and extending the redemption period until April 5, 2013. On March 22, 2013, Nationstar removed the case to the United States District Court for the Eastern District of Michigan on the basis of diversity of citizenship under 28 U.S.C. § 1332(a). On April 2, 2013, in an attempt to stay the running of the redemption period, the Farnsworths filed an Emergency Motion for Temporary Restraining Order ("TRO") and Renewed Motion for Preliminary Injunctive Relief. The district court denied these motions the next day, finding that the Farnsworths had failed to establish a strong likelihood that their claims would succeed on their merits. On April 19, 2013, Nationstar moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

On April 22, 2013, the Farnsworths moved to remand and stay dispositive motion practice pending the adjudication of their motion to remand. The district court denied these two motions on June 19, 2013, ruling that the summonses for the unknown defendants were not properly served, that Nationstar was not required to file the summonses of the unknown defendants with its Notice of Removal, that Nationstar was not required to seek the consent of the unknown and improperly served defendants before filing its Notice of Removal, and that

there was diversity jurisdiction because the Farnsworths do not dispute diversity between themselves as citizens of Michigan and Nationstar as a citizen of Delaware and Texas.

On July 12, 2013, the Farnsworths voluntarily dismissed Counts II, VI, VII, and VIII of their complaint. On July 31, 2013, the district court granted Nationstar's motion to dismiss the Farnsworths' remaining claims. This appeal ensued.

II.

We first address the Farnsworths' argument that the district court did not have subject-matter jurisdiction over this case because it erred in refusing to remand the case to Michigan state court. We review the denial of a motion to remand de novo. *See, e.g.*, *Caudill v. North Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000). On appeal, the Farnsworths do not renew their argument from below that there is not diversity of citizenship between the parties. Rather, they argue that Nationstar failed to file the summons issued for the other defendants (i.e. the unknown defendants) in violation of 28 U.S.C. § 1446, the statute governing removal.

As the party seeking removal, Nationstar needed to file "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Moreover, "[t]he rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999). The Farnsworths claim that Nationstar violated the rule of unanimity because by not filing the summons for the other defendants.

The Farnsworths harp on the fact that the summonses for the two unknown defendants were sent to Nationstar's mailroom under individual cover and claim that these summonses

created an obligation for Nationstar under the rule of unanimity. But, as the district court explained, this fact is irrelevant because Nationstar is decidedly not either of the unknown entities, and the unknown defendants were not properly served. *See* Fed. R. Civ. P. 4. Because Nationstar was the only defendant who had been "served or otherwise properly joined," *Brierly*, 184 F.3d at 533 n.3, it was not required to have the other unknown and improperly served defendants join or file consent. Accordingly the district court did not err in denying the Farnsworths' motion to remand and properly exercised diversity jurisdiction over this case.

III.

We turn next to the Farnsworths' contention that the district court reversibly erred in refusing to grant them injunctive relief in the form of a TRO or preliminary injunction[2] to prevent the expiration of the redemption period. We review the denial of a preliminary injunction for abuse of discretion. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007); *Beacon Journal Publ'g Co., Inc. v. Blackwell*, 389 F.3d 683, 684 (6th Cir. 2004). A district court abuses its discretion "when it relies on erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment." *Schlaud v. Snyder*, 717 F.3d 451, 457 (6th Cir. 2013) (quoting *Randleman v. Fid. Nat'l Ins. Co.*, 646 F.3d 347, 351 (6th Cir. 2011)) (internal quotation marks omitted).

The Farnsworths bore the burden of establishing that they were entitled to a preliminary injunction. *See Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009). A preliminary injunction is an extraordinary measure—"'one of the most drastic tools in the arsenal of judicial remedies.'" *Bonnell v. Lorenzo,* 241 F.3d 800, 808 (6th Cir. 2001) (quoting *Hanson Trust PLC v. ML SCM*

---

[2] Because a TRO relates to relief sought without notice to the adverse party and Nationstar had notice here, we treat the Farnsworths' motions as seeking preliminary injunctions. *See First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993) (citation omitted); *see generally* Fed. R. Civ. P. 65(a)-(b).

*Acquisition Inc.*, 781 F.2d 264, 273 (2d Cir. 1986)). Given the potentially extreme nature of a preliminary injunction, "the proof required . . . is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner,* 228 F.3d 729, 739 (6th Cir. 2000). Faced with a motion for a preliminary injunction, a court must consider "(1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunctions." *Overstreet v. Lexington-Fayette Urban Co. Gov't,* 305 F.3d 566, 573 (6th Cir. 2002). "While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed." *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997); *see also Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) (explaining that "a finding that there is simply no likelihood of success on the merits is usually fatal."). Accordingly, we begin by analyzing the Farnsworths' likelihood of success on the merits.

The Farnsworths' breach of contract claim was not likely to succeed on its merits because the Farnsworths admitted that they did not complete the July 17, 2012 proposed Loan Modification Agreement, and they offer no evidence supporting the existence of the two preceding modification agreements. A Michigan breach of contract claim requires a party to plead "(1) that there was a contract, (2) that the other party breached the contract, and (3) that the party asserting breach of contract suffered damages as a result of the breach." *Miller-Davis Co. v. Ahrens Constr., Inc.*, 817 N.W.2d 609, 619 (Mich. Ct. App. 2012), *rev'd in part on other grounds* 495 Mich. 161 (Mich. 2014). Under Mich. Comp. Laws § 566.132(2), a promise regarding a loan modification is not enforceable unless it is in writing and signed by an

authorized agent. Because the Farnsworths did not execute the July 17 agreement and presented no evidence regarding the purported other agreements, the Farnsworths cannot point to any contracts that Nationstar breached. The district court therefore did not abuse its discretion in determining that they had not demonstrated a strong likelihood of success for their breach of contract claim.

The Farnsworths were also not likely to succeed on their claims that Nationstar violated Michigan's loan modification statute. Because the Farnsworths did not return a signed version of Nationstar's July 17 Loan Modification Agreement within fourteen days, Nationstar was within its rights to commence foreclosure by advertisement under § 600.3205c(7). *See Mitan v. Fed. Home Loan Mortg. Corp.*, 703 F.3d 949, 951 (6th Cir. 2012) ("If the borrower qualifies, the lender may not foreclose by advertisement unless the designated person offers the borrower a loan-modification agreement that the borrower fails to return within fourteen days of receipt.") (citing Mich. Comp. Laws §§ 600.3205c(6)-(7)). Although the Farnsworths claim that this modification offer from July 17 was independent from the statutory modification procedure, this argument crumbles in the face of the Mich. Comp. Laws § 600.3205a letter that Nationstar sent on June 18, 2012. Accordingly, the district court did not abuse its discretion in concluding that the Farnsworths' claims under Mich. Comp. Laws §§ 600.3204(4), 600.3205a, and 600.3205c lacked a strong likelihood of success.

Finally, the Farnsworths failed to establish that their fraud claims were likely to succeed. A fraud claim in Michigan requires that a plaintiff demonstrate (1) that the defendant made a material representation, (2) that was false, (3) that the defendant knew was false, or that was made recklessly without any knowledge of its truth, (4) that the defendant made it with the intention that the plaintiff would act upon it, and (5) the plaintiff acted in reliance upon it, and

(6) suffered damages. *See, e.g.*, *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W. 2d 813, 816 (Mich. 1976). Moreover, Fed. R. Civ. P. 9(b) requires that a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." The Farnsworths' intentional and constructive fraud claims fail to mention any specific false representations that Nationstar made and fail to provide any of the requisite particularity regarding any potentially fraudulent statements. As such, the district court's determination that these claims were not likely to succeed on their merits was not an abuse of discretion. Because the Farnsworths' claims had no likelihood of success on the merits, the district court properly denied them a preliminary injunction.

The Farnsworths also contend that the district court abused its discretion by ruling on their request for a preliminary injunction without first holding an evidentiary hearing. Fed. R. Civ. P. 65, which governs preliminary injunctions, does not explicitly require an evidentiary hearing. Fed. R. Civ. P. 65(a). In our case law, we have explained that district courts should conduct hearings before ruling on motions for a preliminary injunction "where facts are bitterly contested," but have not required a hearing when no material facts are in dispute. *Certified Restoration Dry Cleaning Network L.L.C. v. Tenke Corp.*, 511 F.3d 535, 553 (6th Cir. 2007) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1312 (11th Cir. 1998)) (internal quotation marks omitted); *see also* 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2949 (1995) ("[P]reliminary injunctions [may be] denied without a hearing, despite a request therefor by the movant, when the written evidence shows the lack of a right to relief so clearly that receiving further evidence would be manifestly pointless.") Because the Farnsworths' claims clearly did not merit a preliminary injunction, the

district court did not abuse its discretion when it ruled on their motion without first holding an evidentiary hearing.

IV.

We turn finally to the Farnworths' contentions that the district court erred by refusing to set aside the sheriff's sale of their property and by dismissing the four remaining claims in their complaint—a breach of contract claim for monetary damages, intentional and constructive fraud claims also seeking damages, and a claim that the foreclosure and subsequent sale violated Michigan state law and thus should be overturned. We review the dismissal of the Farnsworths' claims de novo. *E.g.*, *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009).

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a claim's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). This assumption that all the complaint's allegations are true does not, however, apply to legal conclusions or to legal conclusions cloaked as fact. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Further still, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Although the standard "does not require 'detailed factual allegations,'" *id*. at 678 (quoting *Twombly*, 550 U.S. 555), or demand a showing of probability, *Barney v. PNC Bank*, 714 F.3d 920, 924 (6th Cir. 2013), "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not discharge a plaintiff's burden, nor will a

"'formulaic recitation of the elements of a cause of action[.]'" *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 555).

In Michigan, a mortgagee may initiate foreclosure either by advertisement in accordance

with the procedures found in Mich. Comp. Laws §§ 600.3201-600.3285 (i.e. a foreclosure by

advertisement) or by filing a complaint in state circuit court (i.e. a judicial foreclosure), *see*

Mich. Comp. Laws §§ 600.3101-600.3185. A discrete statutory scheme, "meant to, at once,

impose order on the foreclosure process while still giving security and finality to purchasers of

foreclosed properties[,]" governs foreclosures by advertisement. *Conlin v. Mortgage Elec.*

*Registration Sys.*, 714 F.3d 355, 359 (6th Cir. 2013); *see also Rishoi v. Deutsche Bank Nat'l*

*Trust Co.*, 552 F. App'x 417, 2013 U.S. App. LEXIS 25447, at *10 (6th Cir. 2013). Under this

scheme, a mortgagor has six months to redeem a property after a sheriff's sale. *Rishoi*, 2013

U.S. App. LEXIS 25447, at *10 (citing Mich. Comp. Laws § 600.3240(8); *Conlin*, 713 F.3d at

359). Filing a lawsuit does not toll the running of this six-month statutory redemption period.

*Rishoi*, 552 F. App'x 417, 2013 U.S. App. LEXIS 25447, at *10 (citing *Overton v. Mortgage*

*Elec. Registration Sys.*, 2009 Mich. App. LEXIS 1209, at *3 (Mich. Ct. App. May 28, 2009)).

Once the redemption period expires, "the mortgagor's right, title, and interest in and to the

property are extinguished." *Id.* at *10-*11 (quoting *Conlin,* 714 F.3d at 359 (citation and

internal quotation marks omitted)).

The lapse of the redemption period "drastically circumscribe[s]" courts' ability to set

aside a sheriff's sale. *Id.* Courts will do so only if the mortgagor makes "a clear showing of

fraud, or irregularity," *Schulthies v. Barron*, 167 N.W.2d 784, 785 (1969), that is "relate[d] to the

foreclosure procedure itself," *El-Seblani v. Indymac Mortg. Servs.*, 510 F. App'x 425, 429 (6th

Cir. 2013) (citing *Freeman v. Wozniak*, 617 N.W.2d 46, 49 (Mich. Ct. App. 2000) (quotation

omitted)). Still, "proving a defect or irregularity in a foreclosure proceeding '[will] result in a foreclosure that is *voidable*, not void *ab initio*.'" *Rishoi*, 552 F. App'x 417, 2013 U.S. App. LEXIS 25447, at *11 (quoting *Kim v. JP Morgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (Mich. 2012) (initial emphasis added)). To demonstrate such prejudice, the mortgagors must show that, had the mortgagee complied with the statute, they would have been in a better position to preserve their interest in the property. *Id*.

Here, Nationstar bought the Farnsworths' property at a sheriff's sale on August 30, 2012, which triggered the running of the six-month redemption period. *See* Mich. Comp. Laws § 600.3240(8). Although the Farnsworths filed suit on February 20, 2013, the redemption period continued to run and would have expired on March 2, 2013. *See Rishoi*, 552 F. App'x 417, 2013 U.S. App. LEXIS 25447, at *11 (6th Cir. 2013) (citing *Overton*, 2009 Mich. App. LEXIS 1209, at *3). Although the Wayne County Circuit Court extended the redemption period until April 5, 2013, the Farnsworths did not meet this deadline and thus "lost all right, title, and interest in and to the property[.]" *Conlin,* 714 F.3d at 359. Thus, the Farnsworths first must meet the "high standard" of demonstrating fraud or irregularity in the foreclosure process and then establish prejudice. *Id*.

## A.

Of the Farnsworths' four claims against Nationstar, only one—that Nationstar violated Mich. Comp. Laws § 600.3205c—actually addresses irregularity in the foreclosure process. *See Williams v. Pledged Prop. IL LLC*, 508 F. App'x 465, 468 (6th Cir. 2012) (explaining that loan modification negotiations are separate from the foreclosure process, even though they may take place during the foreclosure process).

Once a mortgagor requests a meeting under Mich. Comp. Laws § 600.3205b, Mich. Comp. Laws § 600.3205c triggers duties for a mortgagee to try to negotiate a loan modification agreement. In their complaint, the Farnsworths allege that they "requested a meeting pursuant to the Michigan statutory modification process governed by M.C.L. § 600.3205a-c." Nationstar counters that the Farnsworths did not request a § 3205b meeting within fourteen days as required by statute, and thus Nationstar did not violate § 3205c. The Farnsworths' complaint contains no additional information about the meeting request's timing or the request itself.[3] This bare allegation that they satisfactorily requested a meeting under Mich. Comp. Laws § 3205b, unsupported by any additional facts, is just the sort of conclusory allegation that is insufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Moreover, we also note that Mich. Comp. Laws § 600.3205c(8) provides an exclusive remedy for violations of § 600.3205c—converting the foreclosure proceeding to a judicial foreclosure—and that the Farnsworths did not utilize this specific remedy. Thus, even if there had been an irregularity under § 600.3205c, any prejudice the Farnsworths suffered would have been attributable to their own failure to seek the remedy that had once been available to them— not to Nationstar's actions. *See Elsheick v. Select Portfolio Servs. Inc.*, 2014 U.S. App. Lexis 9675, at *18-*19 (6th Cir. May 22, 2014) (citing *Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 756 (6th Cir. 2012)). Accordingly, the sheriff's sale of the property would have still been valid. The district court did not err in dismissing this claim.

---

[3] By contrast, Nationstar furnished a copy of the affidavit attached to the Sheriff's Deed that includes the § 3205a notice and affirmatively states that the neither the Farnsworths nor a housing counselor contacted Nationstar's designee within thirty days of when the notice was sent. Under Michigan Law, this affidavit is entitled to a presumption of validity. *See* Mich. Comp. Laws § 600.3264; *Prudential Ins. Co. of Am. v. Dworkin*, 253 N.W. 233 (Mich. 1934).

B.

The Farnsworths also allege that Nationstar is liable to them for breach of contract based on the first two contracts that Nationstar supposedly sent to the Farnsworths, which the Farnsworths claim they signed and return along with the requisite qualifying payments. Nationstar disputes the existence of these two contracts and contends that the Farnsworths' claims are barred by the statute of frauds. As noted above, to establish a breach of contract, a party must demonstrate "(1) that there was a contract, (2) that the other party breached the contract, and (3) that the party asserting breach of contract suffered damages as a result of the breach." *Miller-Davis Co.*, 817 N.W.2d at 619. Under Michigan's statute of frauds, a financial institution's promise regarding a loan modification is not enforceable unless it is both in writing and signed by an authorized agent of the financial institution. Mich. Comp. Laws § 566.132(2). The statute of frauds "plainly states that a party is precluded from bringing a claim—no matter its label—against a financial institution to enforce the terms of an oral promise." *Crown Tech Park v. D & N Bank, FSB*, 619 N.W.2d 66, 71 (Mich. Ct. App. 2000).

The Farnsworths do not provide a written agreement signed by Nationstar's authorized agent for either the first two contracts or the July 17 contract that they admit they did not sign or return. Rather, the Farnsworths' complaint merely states that "[t]here existed valid contracts." In regard to Nationstar's statute of frauds defense, Farnsworths contend that their claim is not barred because they alleged that Nationstar had signed the Loan Modification Agreements. These conclusory statements and wholly unsupported allegations are insufficient, and the district court properly dismissed them.

C.

Lastly, the district court did not err in dismissing the Farnsworth's claims for intentional and constructive fraud. Fed. R. Civ. P. 9(b) governs these fraud claims and requires that a party alleging fraud "state with particularity the circumstances constituting fraud." We have expounded on Rule 9(b) to "require that a plaintiff 'allege the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (quoting *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003)). If a complaint alleging fraud does not conform to the strictures of Rule 9(b), it is subject to dismissal. *See id*. The Farnsworths allege that Nationstar gave false instructions regarding the documents it needed and misrepresented that it had not received their documentation. The complaint does not allege who made these statements, when they were made, how they were made, or a basis for the conclusion that Nationstar knew these statements were false. Without any such details, the Farnsworths complaint falls far short of pleading fraud with the requisite specificity. *See, e.g.*, *Ormanina v. Detroit Entm't, LLC*, 2005 Mich. App. LEXIS 2350, at *4 (dismissing fraud claims that were not pleaded with sufficient particularity). Accordingly, the district court did not err in dismissing the Farnsworths' fraud claims.

V.

For the foregoing reasons, we **AFFIRM** the district court's dismissal of the Farnsworths' complaint.