## Gilbert R. Cameron and another v. Warren P. Adams.

*Foreclosure: Redemption: Part payments: Affirmance.* Part payments made after foreclosure by advertisement, and received with the clear understanding that the redemption was to be completed by paying the whole sum necessary for that purpose within the year allowed by the statute, are in affirmance, and not in avoidance of the sale, and their acceptance does not operate as a waiver of the foreclosure.

*Equity jurisprudence: Relief against inevitable accident; Statutory forfeitures: Foreclosure: Redemption.* Though courts of equity have large powers for relief against the consequences of inevitable accident in private dealings, and may doubtless control their own process and decrees to that end, they have no such power to relieve against statutory forfeitures; and they are powerless by their decrees to extend the time for redemption on a statutory foreclosure, where redemption within the time has been prevented by accident and misfortune, or by an unavoidable mental and physical disorder.

*Statutory foreclosures: Inadequacy of price.* Inadequacy of price cannot vitiate a statutory foreclosure sale which is otherwise fair and regular; for the owner of the equity of redemption cannot be prejudiced thereby, since he may always redeem within the year, by refunding the amount paid, with interest at the rate fixed by the statute.

*Heard April 7.   Decided April 13.*

Appeal in Chancery from Newaygo Circuit.

*E. L. Gray* and *Gray & Luton,* for complainants.

*Fuller & Standish* and *John H. Standish,* for defendant.

CAMPBELL, J.

The bill in this cause was filed to redeem a mortgage which had been foreclosed by advertisement. The sale was made September 21, 1871, in parcels, all of which were bid off by Adams, the mortgagee, for the aggregate amount of three hundred and fifteen dollars and twelve cents. Complainants claim the property to be worth three thousand dollars.

So far as appears, the sale was regular, and would have become absolute September 21, 1872, on all lands not redeemed.

The defendant, Adams, resided in Philadelphia, Pennsylvania, and the mortgaged premises are in Newaygo county. Before the foreclosure was begun, the mortgage was in the hands of one Solomon K. Riblet, as his agent, who had received and remitted several payments. In June, 1871, the mortgage was put in the hands of William D. Fuller, an attorney at Newaygo, for foreclosure.

The complainant, after the sale, and on December 14, 1871, paid Riblet one hundred dollars, for which Riblet gave his receipt as payment on the mortgage. Before the year ran out, complainant became dangerously ill, and unable to attend to any business, and was delirious much of the time; and by reason of this misfortune, was, as he claims, prevented from redeeming. Riblet, in October, 1872, offered to return the money paid to him, which complainant refused. Complainant afterwards tried to come to some arrangement for getting back the land, but failed to obtain it.

The grounds now relied on to support his right of redemption are: *First,* the waiver of defendant's statutory rights by the receipt of the payment of one hundred dol-

lars; and *second*, the accident and misfortune which prevented redemption within the year by an unavoidable mental and physical disorder; and *third*, inadequacy of price.

There was much conflict of argument upon the authority of Riblet to act as defendant's agent in receiving the money. Although he denies the fact, we are satisfied he assumed to act in that capacity. But complainant, who has testified very fairly, shows that this payment was made, not as a separate payment to redeem particular parcels, nor with the idea that the foreclosure was to be waived, but with the clear understanding that he was to complete the redemption by paying the whole sum necessary for that purpose within the year allowed by the statute. It was, therefore, in affirmance, and not in avoidance of the sale. The question of agency, therefore, is only important so far as it relates to Riblet's power to receive money for Adams, and not as to his right to bind him otherwise by agreement or waiver.

As no further money was paid, this first payment would be ineffectual for redemption, unless the failure to do more is excused by the equities relied on.

If the sale had been made under the decree of a court, the authorities cited on the argument would bear very strongly in favor of relieving complainant. Courts of equity have large powers for relief against the consequences of inevitable accident in private dealings, and may doubtless control their own process and decrees to that end. But we think there is no such power to relieve against statutory forfeitures. Where a valid legislative act has determined the conditions on which rights shall vest or be forfeited, and there has been no fraud in conducting the legal measures, no court can interpose conditions or qualifications in violation of the statute. The parties have a right to stand upon the terms of the law. This principle has not been open to controversy, and is familiar and elementary.

The inadequacy of price cannot vitiate such a sale, if otherwise fair and regular. The owner of the right of redemption can always redeem within the year, by refunding the amount paid, with interest at the rate fixed by the statute. It is only his failure to do this which has been the cause of his loss.

The case is one of much hardship, and it is much to be regretted that the complainants have been deprived of their estate by the rigorous effect of provisions which take no account of misfortunes. But courts of equity cannot assume any censorship to condemn parties for doing what the courts cannot prevent. They can only redress wrongs within their jurisdiction.

The decree below was erroneous and must be reversed, and the bill dismissed, with costs of both courts.

COOLEY, J., and GRAVES, CH. J., concurred.