SCHULTHIES *v.* BARRON

1. MORTGAGES — FORECLOSURE BY ADVERTISEMENT — REDEMPTION — SHERIFF'S SALE.

Foreclosure proceedings by advertisement which were in compliance with the statute must be sustained, even though the mortgagor mistakenly believed the statutory redemption period to be 1 year rather than 6 months and the defendant purchased the property at the sheriff's sale for approximately one-third of its market value (MCLA § 600.3240).

2. MORTGAGES—EQUITY—REDEMPTION—FORECLOSURE BY ADVERTISEMENT—FRAUD.

Equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice is not allowed in the absence of a clear showing of fraud, or irregularity.

3. COURTS—EQUITY—JURISDICTION.

Courts of equity can only redress wrongs within their jurisdiction.

4. MORTGAGES — FORECLOSURE BY ADVERTISEMENT — SALE — POSTED NOTICE.

Informing the mortgagor so that he may see that a price adequate to protect his interests is obtained at the sale is the purpose of posted notice.

5. MORTGAGES—FORECLOSURE BY ADVERTISEMENT—FRAUD—MISTAKE.

Court cannot amend the statutory mortgage redemption provisions by extending the doctrine of fraud and irregularity to include mistake as a third exception in statutory foreclosure by advertisement.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 37 Am Jur, Mortgages § 711.
[2] 37 Am Jur, Mortgages § 843.
[3] 27 Am Jur 2d, Equity § 5 *et seq.*
[4] 37 Am Jur, Mortgages § 609 *et seq.*
[5] 37 Am Jur, Mortgages § 809 *et seq.*

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 January 15, 1969, at Detroit. (Docket No. 4,714.) Decided February 27, 1969.

Complaint by Vera W. Schulthies against Orville H. Barron to set aside a statutory foreclosure of a mortgage. Judgment for plaintiff. Defendant appeals. Reversed.

*Frank G. Garavaglia,* for plaintiff.

*Brashear, Brashear, Mies & Duggan,* for defendant.

BEFORE: Fitzgerald, P. J., and R. B. Burns and Bronson, JJ.

Per Curiam. Plaintiff, Vera Schulthies, defaulted on a $5,000 mortgage on her home, executed on June 28, 1965. This mortgaged property was foreclosed by advertisement and sold at auction, proper notice having been published and posted upon the premises. Plaintiff concedes that the foreclosure proceedings were in compliance with the statute. Her claim is that unless she is allowed to redeem an injustice will occur in that (1) although the statutory redemption period is six months, plaintiff believed it to be one year,[1] and (2) defendant purchased this property at the sheriff's sale for approximately one-third of its market value. From a judgment in favor of plaintiff, defendant appeals.

The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage fore-

---

[1] The statutory redemption period had been one year, but effective January 1, 1965, this was reduced to six months (under the conditions here present) by PA 1964, No 102 (MCLA § 600.3240 [Stat Ann 1969 Cum Supp § 27A.3240]).

closed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity.[2] *Heimerdinger* v. *Heimerdinger* (1941), 299 Mich 149.

In *Cameron* v. *Adams* (1875), 31 Mich 426, the plaintiff became severely ill shortly before the period of redemption ran out, and was unable to conduct any business. The Court in *Cameron* wrestled with much the same problem as the case at bar. It finally concluded that:

"The case is one of much hardship, and it is much to be regretted that the complainants have been deprived of their estate by the rigorous effect of provisions which take no account of misfortunes. But courts of equity cannot assume any censorship to condemn parties for doing what the courts cannot prevent. They can only redress wrongs within their jurisdiction." *Cameron* v. *Adams, supra,* 429.

Although the trial court found that the price paid at foreclosure sale was well below the worth of the property, the need for certainty in such sales is, under present law, compelling. The purpose of posted notice is to inform the mortgagor so that he may see that a price adequate to protect his interests is obtained at the sale. The plaintiff did not do this. That she did not understand the nature of the posted notice is no defense.

This Court cannot amend the statutory redemption provisions of the State of Michigan by extending the doctrine of fraud and irregularity to include mistake as a third exception in statutory foreclosure.

Although onerous, we reverse.

---

[2] Both appellant and appellee quote from *Joint Stock Land Bank* v. *Hudson* (1934), 266 Mich 644, a case which was affirmed by an equally divided court. In that case, FEAD, J. stated:

"In chancery foreclosures the court has rather broad powers to do equity (*Michigan Trust Co.* v. *Cody* [1933], 264 Mich 258), while its control of statutory foreclosures under its general powers is limited to fraud or irregularity. *Moss* v. *Keary* (1925), 231 Mich 295; *Cameron* v. *Adams* (1875), 31 Mich 426." *Joint Stock Land Bank* v. *Hudson, supra,* 649.