NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0748n.06

No. 13-1010

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|                                            |     |                                                            |
|--------------------------------------------|-----|------------------------------------------------------------|
| ILANIT RUBIN,                              | )   | **FILED**                                                  |
|                                            | )   | Sep 29, 2014                                               |
| Plaintiff-Appellant,                       | )   | DEBORAH S. HUNT, Clerk                                     |
|                                            | )   |                                                            |
| v.                                         | )   |                                                            |
|                                            | )   |                                                            |
| FANNIE MAE,                                | )   | ON APPEAL FROM THE                                         |
|                                            | )   | UNITED STATES DISTRICT                                     |
| Defendant-Appellee,                        | )   | COURT FOR THE EASTERN                                      |
|                                            | )   | DISTRICT OF MICHIGAN                                       |
| and                                        | )   |                                                            |
|                                            | )   |                                                            |
| FEDERAL HOUSING FINANCE AUTHORITY,         | )   |                                                            |
|                                            | )   |                                                            |
| Intervenor-Appellee.                       | )   |                                                            |
|                                            | )   |                                                            |

BEFORE: McKEAGUE and GRIFFIN, Circuit Judges; and POLSTER, District Judge.[*]

GRIFFIN, Circuit Judge.

After plaintiff Ilanit Rubin and her now-ex-husband defaulted on their mortgage payments, their West Bloomfield, Michigan home was foreclosed upon. Plaintiff and her husband filed this action in an attempt to set aside the foreclosure. Finding no claim upon which relief could be granted, the district court dismissed the complaint. We agree and affirm.

---

[*]The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

I.

On September 28, 2006, plaintiff and her then-husband ("the Rubins") borrowed $380,000 from Capital Mortgage Funding, L.L.C. As security for the loan, the Rubins granted a mortgage interest in their property, 7300 Silverbeech Lane, West Bloomfield, Michigan, to Mortgage Electronic Registration Systems, Inc. ("MERS"). On January 28, 2010, MERS assigned the mortgage to BAC Home Loan Servicing, LP ("BAC"). BAC was the loan servicer for defendant Federal National Mortgage Association ("Fannie Mae") and a predecessor to Bank of America, N.A. ("BANA").

After the Rubins defaulted on their mortgage payments, BAC initiated foreclosure proceedings under Michigan's foreclosure statute, Mich. Comp. Laws § 600.3201, *et seq*. BANA purchased the property at the sheriff's sale for $448,851.61. On October 12, 2011, BANA quitclaimed the property to Fannie Mae.

Following the expiration of the statutory redemption period,[1] the property vested in Fannie Mae, Mich. Comp. Laws § 600.3236, and Fannie Mae filed an eviction action against the Rubins in state court. The Rubins filed a counter-complaint. The case was removed to federal court on June 27, 2012. On August 21, 2012, the Federal Housing Finance Agency ("FHFA"), conservator for Fannie Mae, intervened. FHFA and Fannie Mae moved to dismiss the Rubins' complaint, and the district court granted the motion. Plaintiff timely appealed.

II.

"We review de novo a district court's order to dismiss a claim under Federal Rule of Civil Procedure 12(b)(6). In doing so, we accept all well-pled allegations as true and determine

---

[1]Following a foreclosure sale, Michigan law provides a period of time for the foreclosed-upon mortgagor to purchase back, or "redeem" the property. *See* Mich. Comp. Laws §§ 600.3240(7)–(12).

whether they plausibly state a claim for relief." *Glazer v. Chase Home Fin. LLC,* 704 F.3d 453, 457 (6th Cir. 2013). To survive a Rule 12(b)(6) motion to dismiss, "[t]he complaint must [] contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Handy–Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012) (quotation marks and citation omitted).

## III.

Plaintiff first argues that the foreclosure violated the Due Process Clause of the Fifth Amendment. Constitutional claims require state action. *Northrip v. Fed. Nat'l Mortg. Ass'n*, 527 F.2d 23, 25 (6th Cir. 1975). The dispositive issue in the present case is whether Fannie Mae is a state actor. If so, then the foreclosure was required to provide plaintiff with constitutional due process. However, we hold that Fannie Mae is not a state actor. Accordingly, the foreclosure did not violate the Fifth Amendment.

Fannie Mae and its companion, Freddie Mac, are Government-Sponsored Enterprises ("GSEs") that purchase and securitize residential mortgages. In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"). Pub. L. No. 110-289, 122 Stat. 2654 (codified at 12 U.S.C. § 4511). HERA, among other things, established the FHFA and by statute empowered it to take conservatorship of Fannie Mae and Freddie Mac. Plaintiff does not argue that before FHFA's conservatorship, Fannie Mae was a private actor. Rather, plaintiff argues that FHFA's conservatorship converted Fannie Mae from a private actor to a state actor. We disagree.

Our existing precedent resolves this issue. In *Mik v. Federal Home Loan Mortgage Corporation*, 743 F.3d 149, 168 (6th Cir. 2014) (citing *Lebron v. Nat'l R.R. Passenger Corp*, 513 U.S. 374 (1995)), we held as a matter of law that Freddie Mac is not a state actor. In so

doing, we cited with approval and relied upon authority expressly rejecting arguments identical to plaintiff's. *Id.* Plaintiff offers no reason to depart from *Mik*'s holding. Accordingly, we are bound by precedent to hold that Fannie Mae is not a state actor. We also note that every district court that has confronted the question has reached the same conclusion. *See, e.g., Dias v. Fed. Nat'l Mortg. Ass'n*, 990 F. Supp. 2d 1042, 1062 (D. Haw. 2013); *Lopez v. Bank of America, N.A.*, 920 F. Supp. 2d 798, 801 (W.D. Mich. 2013); *Herron v. Fannie Mae*, 857 F. Supp. 2d 87, 95 (D.D.C. 2012). Additionally, although we acknowledge that state court decisions regarding federal constitutional issues are not binding on us, *Commodities Exp. Co. v. Detroit Int'l Bridge Co.*, 695 F.3d 518, 528 (6th Cir. 2012), we also note that the highest Michigan state court to consider the issue has also concluded that the GSEs are not state actors. *Fed. Home Loan Mortg. Ass'n v. Kelley*, ___ N.W.2d ___, No. 315082 (Mich. Ct. App. Aug. 26, 2014). For these reasons, plaintiff's claim that she was entitled to constitutional due process during her foreclosure proceeding fails as a matter of law.

Moreover, we would reach this same conclusion even without reliance on *Mik*. Under Supreme Court precedent, a necessary condition precedent for a conclusion that a once-private entity is a state actor is that the government's control over the entity is permanent. *Lebron*, 513 U.S. at 399. Under HERA, Congress, by statute, empowered the FHFA to become conservator for Fannie Mae for the limited purpose of "reorganizing, rehabilitating, or winding up [its] affairs." 12 U.S.C. § 4617(a)(2). This is an inherently temporary purpose. Accordingly, even if we had not previously decided *Mik*, we would reach the same conclusion: that following FHFA's conservatorship, Fannie Mae is not a state actor.

IV.

Plaintiff argues next that the nearly $450,000 purchase price for the property at the sheriff's sale—which she claims was 54% over the fair market value—violated Michigan law, which requires that such purchases be made "fairly and in good faith[.]" Mich. Comp. Laws § 600.3228. We decline to address this claim.

Under Michigan law, once the statutory redemption period expired, "all of plaintiff's rights in and title to the property were extinguished." *Bryan v. JPMorgan Chase Bank*, 848 N.W.2d 482, 485 (Mich. Ct. App. 2014) (citation omitted). Therefore, once the redemption period lapses, a former property owner may not assert any claims with respect to the property. *See id*. The filing of a lawsuit—even one filed before the expiration of the redemption period— will not toll the redemption period. *Id*. Indeed, "Michigan courts have held that once the statutory redemption period lapses, they can only entertain the setting aside of a foreclosure sale where the mortgagor has made 'a clear showing of fraud, or irregularity.'" *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (quoting *Schulthies v. Baron*, 167 N.W.2d 784, 785 (Mich. 1969)). Moreover, "not just any type of fraud will suffice. Rather, the misconduct must relate to the foreclosure proceeding itself." *Id*. at 360 (citation, quotation marks, and alterations omitted). In short, a plaintiff challenging a foreclosure action under Michigan law must meet a "high standard in order to have a foreclosure sale set aside after the lapse of the statutory redemption period." *Id*. (quotation marks omitted).

Here, plaintiff's claims were filed after the expiration of the redemption period. Accordingly, we need not consider plaintiff's claim under § 600.3228 unless plaintiff makes a showing of fraud or irregularity relating to the foreclosure proceeding itself. We are not persuaded that making an other-than-market-value bid at a sheriff's sale constitutes fraud

sufficient to set aside the foreclosure.  Although § 600.3228 requires fairness and good faith, it does not, by its terms, require a fair market value bid.  Accordingly, we decline to address plaintiff's claim.

V.

For these reasons, we affirm the judgment of the district court.