# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL J. GORBACH,

Plaintiff-Appellant,

and

ROSALIE GORBACH,

Plaintiff,

v

US BANK NATIONAL ASSOCIATION,
RANDALL S. MILLER & ASSOCIATES, PC,
and JASON R. CANVASSER,

Defendants-Appellees.

UNPUBLISHED
December 30, 2014

No. 308754
Manistee Circuit Court
LC No. 11-014294-CZ

AFTER REMAND

Before: SAWYER, P.J., and MARKEY and M. J. KELLY, JJ.

PER CURIAM.

This case, which alleges irregularities in a foreclosure by advertisement, returns to this Court after remand to the trial court. In December 2011, the trial court granted all defendants summary disposition; plaintiff Michael J. Gorbach appealed.[1] We remanded the case to the trial court for a determination of whether plaintiffs' pending bankruptcy petition deprived them of standing to bring this lawsuit. We now affirm the trial court's grant of summary disposition to all defendants, and, for the sake of clarity, remand for entry of judgment for defendants.

Initially on appeal, we determined that plaintiffs' claims against defendants Randall S. Miller & Associates, PC, and Jason R. Cavasser, were meritless. *Gorbach v US Bank Nat'l Ass'n*, unpublished opinion of the Court of Appeals issued January 29, 2013 (Docket No. 308754). We affirmed the trial court's award of sanctions to defendant Canvasser but reversed

---

[1] Michael's wife, plaintiff Rosalie Gorbach, has not participated in this appeal.

-1-

and remanded for reconsideration of sanctions awarded to the other defendants. *Id*. at 6. We also found the record unclear regarding whether plaintiffs had standing to file their complaint because, at the time they did, plaintiffs' Chapter 7 bankruptcy petition was pending in the United States Bankruptcy Court for the Western District of Michigan. *Id*. at 2, 4. "Because a finding that plaintiff had no standing could render most of plaintiff's remaining issues moot, we conclude[d] it [was] premature and unnecessary for this court to address those issues . . . ." *Id*. at 4. So, "we reverse[d] the trial court's grant of summary disposition to defendants and remand[ed] for consideration of this issue." *Id*. at 6. "We also affirm[ed] the trial court's imposition of $4,000 in sanctions against plaintiff for filing frivolous claims against Canvasser; however, because the trial court failed to consider plaintiff's argument, we reverse[d] the court's imposition of $2,000 in sanctions against plaintiff for failing to appear at the pretrial conference." *Id*. We retained jurisdiction.

On remand, plaintiffs and defendant Canvasser settled their claims, and a stipulated order of dismissal entered as to defendant Canvasser on March 18, 2013.[2] With respect to the effect of plaintiffs' bankruptcy on standing, the parties filed briefs and other documents and the trial court heard the parties' arguments on March 28, 2014. The trial court concluded that based on the evidence submitted, the law discussed in *Szyszlo v Akowitz*, 296 Mich App 40, 47-50; 818 NW2d 424 (2012), and the parties' arguments, plaintiffs' pending bankruptcy proceeding did not deprive plaintiffs of standing with respect to this case. Specifically, the trial court found that plaintiffs exempted from the bankruptcy proceedings a "possible claim against Indy Mac for illegal foreclosure proceeding." The trial court reasoned:

> . . . I have to say plaintiff is correct. What's exempted is the lawsuit for wrongful foreclosure. Plaintiff says, well, it's confusing because we have assignments going on and we have some financial institutions that the U.S. government entity in effect directed someone else to take over, and those are a series of things that are happening and it's confusing and so we got the name wrong.
>
> This Court has to agree that it is the lawsuit for wrongful foreclosure that is exempted. If we had several foreclosures that were going on, who the named defendant is could conceivably be more critical. But what we have in the instant case is only one piece of property and only one foreclosure.

Therefore, based on *Szyszlo*, the trial court ruled that plaintiffs had standing. More accurately, the trial court's ruling determined plaintiffs' pending bankruptcy case did not deprive them of standing to file their wrongful forfeiture complaint. We find no clear error in this ruling. But the issue remains whether plaintiffs lost standing under Michigan law when two days after filing their complaint, the time period to redeem the foreclosed property expired. As we noted in our first opinion, "the parties discuss, at great length, plaintiff's standing to sue defendants based on Michigan foreclosure law," yet we deferred addressing that issue pending resolution of "the

---

[2] The order is not limited to defendant Canvasser, which the record shows was the parties' intent.

crucial question. . . [of] plaintiff's standing [and] whether the instant lawsuit against defendants is property vested with the bankruptcy estate." *Gorbach*, unpub op at 4.

We first note that summary disposition on the basis of lack of standing is properly granted under MCR 2.116(C)(5) (lack of legal capacity to sue). *Aichele v Hodge*, 259 Mich App 146, 152 n 2; 673 NW2d 452 (2003). We also note that the trial court did not cite to MCR 2.116(C)(5) or specifically state that it was granting defendants summary disposition on the basis that plaintiffs lacked standing. In this regard, it is settled law that this Court will affirm the trial court when it reaches the correct result, even if for the wrong reason. See *Gleason v Dep't of Transportation*, 256 Mich App 1, 3; 662 NW2d 822 (2003); *Estate of Mitchell v Dougherty*, 249 Mich App 668, 680 n 5; 644 NW2d 391 (2002).

"We review de novo a trial court's summary disposition ruling." *Szyszlo*, 296 Mich App at 46. When reviewing a motion for summary disposition pursuant to MCR 2.116(C)(5), "this Court must consider the pleadings, depositions, admissions, affidavits, and other documentary evidence submitted by the parties." *Sprenger v Bickle*, 302 Mich App 400, 403, 419; 839 NW2d 59 (2013). To the extent questions of statutory interpretation are presented, our review is de novo. *Aichele*, 259 Mich App at 152. Courts must apply clear and unambiguous statutes as written. *Sprenger*, 302 Mich App at 403.

In this case, it is undisputed that plaintiffs took no action to redeem the foreclosed property and never sought a court order to stay the running of the redemption period. So it is undisputed that two days after plaintiffs filed this action, the redemption period expired. It is also clear that even if it had the power to do so, the trial court did not stay the running of the period to redeem the property. Moreover, although plaintiff argues fraud on appeal, plaintiffs never pleaded fraud in their complaint and never moved to amend the complaint; consequently, plaintiff may not now maintain a claim of fraud as a means of maintaining standing to sue. Under these circumstances, we conclude this case is controlled by *Bryan v JPMorgan Chase Bank*, 304 Mich App 708; 848 NW2d 482 (2014), which was decided after this case was remanded and which adopted the reasoning of several unpublished cases. We hold plaintiffs lost standing when the redemption period expired without a court order staying it.

In *Bryan*, sometime after the redemption period had expired following a foreclosure by advertisement, the plaintiff filed an action that alleged "unjust enrichment, deceptive/unfair practice and wrongful foreclosure." *Bryan*, 304 Mich App at 711. The plaintiff argued that although the redemption period had expired, "she still had standing to sue because of 'fraud or irregularity' in the foreclosure process," i.e., the defendant's failure to record its mortgage interest before the sale. *Id*. The Court held that the plaintiff lacked standing to bring her action because the statutory period of redemption had expired, and the plaintiff had made no effort to redeem the property. *Id*. at 713. The Court opined:

> Pursuant to MCL 600.3240, after a sheriff's sale is completed, a mortgagor may redeem the property by paying the requisite amount within the prescribed time limit, which here was six months. "Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest

which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter . . . ." MCL 600.3236. If a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished. *Piotrowski v State Land Office Bd*, 302 Mich 179, 187; 4 NW2d 514 (1942).

We have reached this conclusion in a number of unpublished cases and, while unpublished cases are not precedentially binding, MCR 7.215(C)(1), we find the analysis and reasoning in each of the following cases to be compelling. Accordingly, we adopt their reasoning as our own. See *Overton v Mtg Electronic Registration Sys*, unpublished opinion per curiam of the Court of Appeals, issued May 28, 2009 (Docket No. 284950), p 2 ("The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity. Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished.") (citation and quotation marks omitted); *Hardwick v HSBC Bank USA*, unpublished opinion per curiam of the Court of Appeals, issued July 23, 2013 (Docket No. 310191), p 2 ("Plaintiffs lost all interest in the subject property when the redemption period expired . . . . Moreover, it does not matter that plaintiffs actually filed this action one week before the redemption period ended. The filing of this action was insufficient to toll the redemption period. . . . Once the redemption period expired, all plaintiffs' rights in the subject property were extinguished."); *BAC Home Loans Servicing, LP v Lundin*, unpublished opinion per curiam of the Court of Appeals, issued May 23, 2013 (Docket No. 309048), p 4 ("[O]nce the redemption period expired, [plaintiff's] rights in and to the property were extinguished. . . . Because [plaintiff] had no interest in the subject matter of the controversy [by virtue of MCL 600.3236], he lacked standing to assert his claims challenging the foreclosure sale."); *Awad v Gen Motors Acceptance Corp*, unpublished opinion per curiam of the Court of Appeals, issued April 24, 2012 (Docket No. 302692), pp 5-6 ("Although she filed suit before expiration of the redemption period, [plaintiff] made no attempt to stay or otherwise challenge the foreclosure and redemption sale. Upon the expiration of the redemption period, all of [plaintiff's] rights in and title to the property were extinguished, and she no longer had a legal cause of action to establish standing."). We hold that by failing to redeem the property within the applicable time, plaintiff lost standing to bring her claim. [*Bryan*, 304 Mich App at 713-715.]

Although plaintiffs filed their complaint before the expiration of the redemption period, we conclude that the holding of *Bryan* applies to the present case. The *Bryan* Court adopted the reasoning of several unpublished cases, some of which, like the instant case, where owners of foreclosed properties filed complaints alleging fraud or irregularities following a sheriff's sale but before the redemption period had expired. In *Overton*, the plaintiff filed suit alleging fraud in the foreclosure proceedings and one month after filing suit the redemption period expired. The Court held that the plaintiff filing his lawsuit was insufficient to toll the redemption period. *Overton*, unpub op at 2. Further, the Court noted that "[e]ven if [the plaintiff's] assertions were

true, and even if the cases he cites supported his arguments, the time to raise the arguments was when foreclosure proceedings began." *Id*. "Once the redemption period expired, all of [the] plaintiff's rights in and title to the property were extinguished." The plaintiff lost standing to pursue his allegations of fraud when he failed to timely assert them. *Id*.

Similarly, in *Hardwick*, this Court held the plaintiffs lost standing to pursue their complaint alleging wrongful foreclosure when the redemption period expired one week after the lawsuit was filed; the filing of the lawsuit did not toll the redemption period. *Hardwick*, unpub op at 2. And in *Awad*, the plaintiff filed suit alleging improper foreclosure 18 days before the redemption period expired. *Awad*, unpub op at 2. Although the plaintiff filed suit before expiration of the redemption period, she made no effort to obtain an order staying or otherwise challenge the foreclosure and redemption sale; therefore, the Court held that after the expiration of the redemption period, all of the plaintiff's rights in and title to the property were extinguished, and she no longer had a legal cause of action to establish standing. *Id*. at 5-6.

Although these cases hold out the possibility that an equitable extension of the period to redeem after a foreclosure sale might be obtained on "a clear showing of fraud, or irregularity" in the foreclosure proceedings, *Schulthies v Barron*, 16 Mich App 246, 247-248; 167 NW2d 784 (1969), they consistently hold that the mere filing of a complaint, even if it alleges fraud or irregularity, is insufficient to toll the redemption period.[3] Thus, after the period to redeem a foreclosed property has expired, the mortgagor loses standing to assert a claim arising out of the foreclosure or related to the property. MCL 600.3236; *Bryan*, 304 Mich App at 713, 715.

Last, we consider plaintiff's argument that defendants' motions for summary disposition, and the trial court's ruling granting the motions, violated the automatic stay of 11 USC 362(a) because plaintiffs bankruptcy petition remained pending at the time.[4] We review this question of law de novo. *Hamed v Wayne Co*, 490 Mich 1, 8; 803 NW2d 237 (2011). When interpreting a statute, our goal is to "give effect to the intent of the Legislature." *Superior Hotels, LLC v Mackinaw Twp*, 282 Mich App 621, 628; 765NW2d 31 (2009). Unambiguous statutory language should be given its ordinary meaning and we presume the legislative body intended the meaning expressed in the statute. *Id.* at 629; *Deutsche Bank Nat'l Trust Co v Tucker*, 621 F3d 460, 462-463 (CA 6, 2010).

---

[3] Although not discussed in the cited cases, nothing in MCL 600.5856 provides for the tolling of a foreclosure redemption period. That statute provides for the tolling of a statute of limitations or repose on the filing of a complaint and service of a copy of the complaint and summons on a defendant. On the basis of statute's clear and unambiguous text, it would not toll a foreclosure redemption period because a redemption period is neither a period of limitations or repose. Furthermore, nothing in MCL 600.3236 suggests that the redemption period will be tolled or that title will not automatically transfer upon expiration of the period in the event that a party files a complaint challenging the validity of the foreclosure.

[4] Plaintiffs filed their bankruptcy petition on June 16, 2011, an order of discharge was entered on October 12, 2011, the trustee filed his final report on December 19, 2011, and the bankruptcy case closed by final decree on January 24, 2012.

In general, the filing of a petition under the Bankruptcy Code, 11 USC 101 *et seq.*, "operates as a stay, applicable to all entities, of . . . the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case . . . ." 11 USC 362(a)(1) (emphasis added). The critical point in time to determine whether a judicial proceeding is automatically stayed under § 362 is the initiation of the proceeding. *Cathey v Johns-Manville Sales Corp*, 711 F2d 60, 61-62 (CA 6, 1983). The stay applies to proceedings that were initially instituted "against the debtor." *Id*. On the other hand, the statutory automatic stay patently does not apply to actions that the debtor initiates. "[A]s the plain language of the statute suggests, and as no less than six circuits have concluded, the Code's automatic stay does not apply to judicial proceedings . . . that were initiated by the debtor." *Brown v Armstrong*, 949 F2d 1007, 1009-1010 (CA 8, 1991). Consequently, the trial court did not err by finding that defendants did not violate the automatic stay by defending this action.

We affirm the trial court's original grant of summary disposition to all defendants and, for the sake of clarity, remand for entry of judgment for defendants. As the prevailing party, defendants may tax costs. MCR 7.219. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Michael J. Kelly

-6-

# Court of Appeals, State of Michigan

## ORDER

Michael J. Gorbach v US Bank National Assocation

Docket No.    308754

LC No.        11-014294-CZ

David H. Sawyer
Presiding Judge

Jane E. Markey

Michael J. Kelly
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 56 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, because the record is inadequately developed to properly determine whether plaintff has standing to sue defendants, and the lower court never expressly addressed the matter, we remand to the trial court for consideration of the crucial issue. The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.



A true copy entered and certified by Larry S. Royster, Chief Clerk, on

JAN 29 2013
_____
Date

_____
Chief Clerk