BERNICE BOUIE DONALD, Circuit Judge,
concurring in the judgment.
I agree with the majority’s decision to affirm the judgment of the district court. I write separately to express my view that the majority’s discussion of whether Fannie Mae’s compliance with Michigan’s foreclosure-by-advertisement procedures satisfied the Due Process Clause is unnecessary to the disposition of this case.
The majority opinion declines to “wade into” a discussion of whether Fannie Mae is a state actor for purposes of the Fifth and Fourteenth Amendments. (Maj. Op. at 740.) But because state action is a prerequisite to due process claims, this is a threshold — and dispositive — issue in this case. See Waters v. City of Morristown, 242 F.3d 353, 359 (6th Cir.2001) (noting that, in the context of due process claims, the state-action issue is “a threshold matter”); Northrip v. Fed. Nat’l Mortg. Ass’n, 527 F.2d 23, 25 (6th Cir.1975) (“[A] predicate to finding a due process violation is a finding of state action.”). I posit that no wading is required: our recent published decisions foreclose Plaintiffs’ argument that Fannie Mae is a state actor by virtue of its conservatorship under the supervision of the Federal Housing Finance Agency (“FHFA”).
In Mik v. Federal Home Loan Mortgage Corp., we held as a matter of law that Freddie Mac was not a state actor “even though the [FHFA] became Freddie Mac’s conservator in 2008.” 743 F.3d 149, 168 (6th Cir.2014). The reasoning in Mik is clear: a necessary condition precedent to consider a once-private entity a state actor is that the government has “permanent” control over the entity. Lebron v. Nat’l R.R. Passenger Corp., 513 U.S. 374, 399, 115 S.Ct. 961, 130 L.Ed.2d 902 (1995). FHFA’s conservatorship of Freddie Mac “for the purpose of reorganizing, rehabilitating, or winding up [its] affairs” is, by definition, temporary. 12 U.S.C. § 4617(a)(2). Later panels of this Court have extended Mik’s holding to Fannie Mae. See, e.g., Rubin v. Fannie Mae, 587 Fed.Appx. 273, 274-75 (6th Cir.2014); Bernard v. Fed. Nat’l Mortg. Ass’n, 587 Fed.Appx. 266, 271 (6th Cir.2014); Heibel v. Fed. Nat’l Mortg. Ass’n, 581 Fed.Appx. 543, 544 (6th Cir.2014) (per curiam). Thus, on the threshold issue of state action, Plaintiffs’ constitutional claims fail. In my view, this renders any discussion of Michigan foreclosure-by-advertisement law unnecessary.
Because I agree with the district court’s Rule 12(b)(6) dismissal of Plaintiffs’ due process claims, albeit on the separate grounds discussed above, I concur in the judgment.