# STATE OF MICHIGAN

# COURT OF APPEALS

DEBORAH A. ROBBINS and TERENCE A. ROBBINS,

Plaintiffs-Appellants,

v

WELLS FARGO BANK, NA, and RUSHMORE LOAN MANAGEMENT SERVICES,

Defendants-Appellees.

UNPUBLISHED
February 22, 2018

No. 335778
Genesee Circuit Court
LC No. 16-107189-CH

Before: JANSEN, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

In this mortgage foreclosure case, plaintiffs appeal from the order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10). We affirm.

On September 2, 2003, plaintiffs executed a promissory note promising to pay $162,600 to Republic Bank. The note was secured by a mortgage on plaintiffs' home. Defendant Wells Fargo Bank, is the successor to Republic Bank, and defendant Rushmore Loan Management Services was the loan servicer. Plaintiffs entered into four loan modifications with Republic Bank between March 2004 and May 2014. In May 2014, plaintiffs contacted defendant Rushmore and requested a fifth loan modification, which was denied. On July 29, 2014, defendant Rushmore sent plaintiffs a letter denying their request for modification due to insufficient monthly income to "sustain payments under any available loan modification program." The letter further stated that plaintiffs had the right to appeal the denial within 30 days. Plaintiffs appealed arguing that the decision did not take into consideration the monthly income of plaintiff Terence, and that the comparable houses used in calculating the broker's price opinion were not true comparables.

At this point, the parties disagree on the facts. Plaintiffs allege that they never received a response to their appeal. Defendants, however, allege that defendant Rushmore sent its decision on the appeal to plaintiffs. Subsequently, plaintiffs attempted to join a home retention program through defendant Rushmore. However, defendant Rushmore found that the application was incomplete and gave plaintiffs 15 days to send updated materials. Plaintiffs did not do so, and on March 17, 2015, defendant Rushmore sent a letter to plaintiffs advising that it was closing its file.

-1-

On October 14, 2015, defendants posted a notice on the premises stating the property was going to be sold on November 4, 2015. The notice contained an affidavit of posting, which was notarized. The sale was postponed a total of five times. The foreclosure sale was finally held on December 2, 2015, and the property was sold to defendant Wells Fargo Bank. The six-month statutory redemption period expired on June 2, 2016. Plaintiffs did not redeem the property.

Plaintiffs filed a three-count complaint alleging wrongful foreclosure and a due process violation. In lieu of filing an answer, defendants moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10). The hearing on defendants' motion was initially scheduled for October 3, 2016, but was subsequently rescheduled by defendants to October 31, 2016. Under MCR 2.116(G)(1)(a)(ii), plaintiffs were required to file any response to defendants' motion at least seven days before the hearing, or by October 24, 2016. Plaintiffs' counsel mailed plaintiffs' response and brief in support to the court and to defendants' counsel on October 26, 2016. Although this was five days before the hearing, the record reveals that defense counsel and the trial court did not receive plaintiffs' response and brief by the October 31, 2016 hearing.[1] The trial court granted defendants' motion for summary disposition and dismissed plaintiffs' case for failure to file their response, with prejudice.

On appeal, plaintiffs argue that the trial court abused its discretion in granting defendants' motion for summary disposition solely on the basis that plaintiffs' response to the summary disposition motion was untimely under MCR 2.116(G)(1)(a)(ii). We agree.[2]

It is undisputed that plaintiffs failed to comply with MCR 2.116(G)(1)(a)(ii), which provides that "any response to the motion [for summary disposition] (including brief and affidavits) must be filed and served at least 7 days before the hearing." However, the trial court misconstrued MCR 2.116(G)(1)(a)(ii) as giving it no discretion. Indeed, the trial court did not exercise its discretion because it apparently believed that it had no discretion by construing the words "must" in MCR 2.116(G)(1)(a)(ii) to mean that the court was mandated to unequivocally ignore the untimely response. In this regard, the trial court erred because a trial court has the discretion to "decline to entertain actions beyond the agreed time frame." *People v Grove*, 455 Mich 439, 469; 566 NW2d 547 (1997).[3] Although the trial court may, in its discretion, properly exclude the untimely brief from consideration, *Prussing v Gen Motors Corp*, 403 Mich 366, 369-

---

[1] The trial court register of actions indicates that plaintiffs' response and brief were formally placed into the trial court record on November 3, 2016.

[2] This Court reviews for an abuse of discretion a trial court's decision to decline to entertain motions and briefs filed after the deadlines set in applicable court rules. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *Id*. The trial court's ultimate decision to grant summary disposition is reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

[3] We recognize that the *Grove* decision has been superseded by MCR 6.310(B), which applies to a request to withdraw a plea. *People v Franklin*, 491 Mich 916; 813 NW2d 285 (2012). However, MCR 6.310(B) is not in issue in this case.

370; 269 NW2d 181 (1978), there is no indication in either the court rule or *Prussing* that the failure to timely file a response to a motion for summary disposition results in the automatic award of summary judgment to the moving party.

Accordingly, the trial court's failure to exercise its discretion constitutes an abuse of discretion. *Loutts v Loutts*, 298 Mich App 21, 24; 826 NW2d 152 (2012).

However, even if the trial court had considered or rejected plaintiffs' response, it properly granted summary disposition to defendants because plaintiffs lacked standing to challenge the foreclosure, after the expiration of the redemption period, See *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 714-715; 848 NW2d 482 (2014). Once the statutory redemption period lapses, courts can only entertain the setting aside of a foreclosure sale where the mortgagor has made a "clear showing of fraud, or irregularity." *Schulthies v Barron*, 16 Mich App 246, 247; 167 NW2d 784 (1969); *Sweet Air Inv, Inc v Kenney*, 275 Mich App 492, 497; 739 NW2d 656 (2007) (holding that "it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure aside") (quotation marks and citation omitted).

Plaintiffs' allegation of fraud or irregularity is their assertion that defendants failed to respond to their appeal of the denial of their request for a loan modification and failed to notify them of the adjournments of the Sheriff's sale. In their motion for summary disposition, defendants attached, as exhibits, five copies of notices of adjournment of foreclosure sale. At the bottom of the last notice adjourning the sale to December 2, 2015, is a one-line oath by the deputy sheriff stating that he posted the notice of adjournment "before or at the time of the sale and at the place of the sale." Plaintiffs did not address this issue in their brief. Even if we were to assume that the foreclosure proceeding was defective because of the notice defect, plaintiffs still cannot prevail unless they show that they were prejudiced by the defect. See *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 115; 825 NW2d 329 (2012) (holding that a defect or irregularity in a foreclosure proceeding will "result in a foreclosure that is voidable, not void *ab initio*."). Plaintiffs did not address or provide any evidence to rebut defendants' proof of notice. Further, plaintiffs failed to show how defendants' failure to respond to their appeal affected the foreclosure proceedings itself. *Freeman v Wozniak*, 241 Mich App 633, 637-638; 617 NW2d 46 (2000); *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 210-211; 859 NW2d 238 (2014) (holding that the plaintiff must show "a causal relationship between the alleged fraud or irregularity and the alleged prejudice i.e., that the [plaintiff] would have been in a better position to preserve the property interest absent the fraud or irregularity.").

Accordingly, plaintiffs' assertions are insufficient to meet the requisite fraud or prejudice to set aside the foreclosure sale.

Affirmed.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro