NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

# THE SUPREME COURT OF THE STATE OF ALASKA

|  |  |
|---|---|
| LEO BLAS, | ) |
| | ) Supreme Court No. S-17253 |
| Appellant, | ) |
| | ) Superior Court No. 3AN-17-09098 CI |
| v. | ) |
| | ) MEMORANDUM OPINION |
| BANK OF AMERICA, N.A.; BAC HOME | ) AND JUDGMENT[*] |
| LOANS SERVICING, LP; CLEAR | ) |
| RECON CORP.; ALDRIDGE PITE, LLP; | ) No. 1744 – October 9, 2019. |
| AND BANK OF AMERICA CORP., | ) |
| | ) |
| Appellees. | ) |
| | ) |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Gregory Miller, Judge.

Appearances: Leo Blas, pro se, Chugiak, Appellant. Michael Seville, Burr, Pease & Kurtz, Anchorage, and Andrea M. Hicks, Bryan Cave Leighton Paisner LLP, Denver, Colorado, for Appellee Bank of America, N.A., individually and as successor by July 1, 2011, de jure merger with BAC Home Loans Servicing, LP and Bank of America Corporation; Lewis N. Stoddard, Aldridge Pite, LLP, Boise, Idaho, for Appellees Clear Recon Corp. and Aldridge Pite, LLP.

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen, and Carney, Justices.

---

[*]    Entered under Alaska Appellate Rule 214.

1.      This is the third in a series of appeals by Leo Blas arising from his disputes with Bank of America, N.A. and connected parties over a 2008 home loan and later foreclosure efforts.  Salient facts and procedural aspects of the disputes are set out in our two previous unreported decisions and will not be repeated here.  We first affirmed the superior court's dismissal of Blas's claims challenging Bank of America's and connected parties' right to foreclose on the home.[1]  We later affirmed the superior court's dismissal of Blas's Alaska Civil Rule 60(b) "newly discovered evidence" challenge to the first judgment.[2]

2.      Blas defaulted on his loan payments and filed suit to bar non-judicial foreclosure in 2010; the parties ultimately settled that litigation and it was dismissed in 2012.[3]  Blas again defaulted, and he filed a second suit to bar non-judicial foreclosure in 2014; the superior court's dismissal of that suit led to Blas's first appeal.[4]  Shortly after we affirmed the superior court's dismissal of Blas's second lawsuit, Blas entered into a settlement agreement with Bank of America and connected parties putatively settling any claims against them in exchange for a settlement payment and an agreement to move out of the home.  But Blas did not move out of the home.  In September 2017, shortly after Blas violated the settlement agreement by not moving out, but before he filed the Rule 60(b) motion for relief from judgment that led to his second appeal, Blas filed a

---

[1]      *Blas v. Bank of Am., N.A.* (*Blas I*), No. S-16174, 2017 WL 1379317 (Alaska Apr. 12, 2017).

[2]      *Blas v. Bank of Am., N.A.* (*Blas II*), No. S-16933, 2019 WL 1199170 (Alaska Mar. 13, 2019).

[3]      *Blas I*, 2017 WL 1379317, at *1.

[4]      *Id.*

third lawsuit against Bank of America and connected parties, again challenging Bank of America's right to foreclose on the home.

3. Blas's operative complaint listed over 25 claims and over 40 causes of action. But the essence of the lawsuit was the same as Blas's prior litigation: that Bank of America could not foreclose on his home because it did not own the loan note or deed of trust.[5] After extensive motion practice, in March 2019 the superior court ultimately granted summary judgment to Bank of America and the other defendants based, in relevant part, on the doctrine of res judicata.[6]

4. Blas appeals, but he makes little mention of the superior court's ruling. He correctly notes that his current lawsuit relates to a different attempt, or right, to foreclose than the lawsuit that led to his first two appeals. But Blas does not appear to allege any foreclosure improprieties other than those already alleged and resolved in the earlier lawsuit. He instead reargues the many points resolved in his previous lawsuit and our two decisions arising from that lawsuit. We have reviewed Blas's briefing, and, except as noted below, we are unable to locate any factually supported claims conceivably relating to Bank of America's 2017 foreclosure effort which were not raised, or which could not have been raised, in the earlier litigation. And we conclude that Blas's claims of procedural error in the current summary judgment process are without

---

[5] *See Blas I*, 2017 WL 1379317, at \*5; *Blas II*, 2019 WL 1199170, at \*1.

[6] "The doctrine of res judicata as adopted in Alaska provides that a final judgment in a prior action bars a subsequent action if the prior judgment was (1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties (or their privies) about the same cause of action." *Merdes & Merdes, P.C. v. Leisnoi, Inc.*, 410 P.3d 398, 404 (Alaska 2017) (quoting *Pister v. State, Dep't of Revenue*, 354 P.3d 357, 362 (Alaska 2015)). "[R]es judicata precludes subsequent actions not only on claims actually raised in a prior proceeding, but also on related claims arising out of the same transaction that could have been raised in that proceeding." *White v. State, Dep't of Nat. Res.*, 14 P.3d 956, 959 (Alaska 2000).

merit. To the extent Blas asserted any other claims, he has forfeited them for inadequate briefing.[7] The fundamental question of Bank of America's (and the connected defendants') right to conduct a non-judicial deed of trust foreclosure upon the home subject to Blas's continued default already has been decided, adversely to Blas.[8]

5. Blas's operative complaint generally alleges due process violations. Construing these allegations liberally and taking into account Blas's oral argument, he appears to allege that AS 34.20.070(a), authorizing the trustee on a deed of trust for real property to sell the property "without first securing a decree of foreclosure and order of sale from the court," violates his due process right to a court hearing before being deprived of his property.[9] Blas did not clearly allege similar violations in his previous lawsuit, but he certainly could have done so.[10] And although it is not at all clear that Blas raised this specific due process claim in the superior court before raising it on appeal, we note that his due process claim fails as a matter of law. "A valid constitutional challenge based on due process requires '*state action* and the deprivation of an individual interest of sufficient importance to warrant constitutional protection.' "[11] The only possible state actor connected to this lawsuit would be Federal National Mortgage Association (Fannie

---

[7]   *See Wright v. Anding*, 390 P.3d 1162, 1169 (Alaska 2017) ("Even a [self-represented] litigant must cite authority and provide a legal theory." (alteration omitted) (quoting *Casciola v. F.S. Air Serv., Inc.*, 120 P.3d 1059, 1063 (Alaska 2005))).

[8]   *See Blas I*, 2017 WL 1379317, at *5; *Blas II*, 2019 WL 1199170, at *1.

[9]   *See* U.S. Const. amend. V, cl. 4 ("No person shall be . . . deprived of life, liberty, or property, without due process of law . . . ."); Alaska Const. art. I, § 7 ("No person shall be deprived of life, liberty, or property without due process of law.").

[10]   *See supra* note 6.

[11]   *Dennis O. v. Stephanie O.*, 393 P.3d 401, 406 (Alaska 2017) (emphasis added) (quoting *Ostrow v. Higgins*, 722 P.2d 936, 942 (Alaska 1986)).

Mae), a "[g]overnment-sponsored private corporation."[12]  Bank of America sold the underlying note on the home loan to Fannie Mae, but retained its interest as the servicer of payments on the loan, including the authority to foreclose on the home.[13]  There is no indication in the record that Fannie Mae directed the trustee to foreclose on Blas's home.  On the contrary, in Blas's first appeal we held that "Bank of America ha[s] authority to bring a foreclosure action against Blas."[14]  If, as it appears from the record (and as Blas actually argues in the context of disputing Bank of America's authority to foreclose), Fannie Mae was not involved in the decision to foreclose on Blas's home, then there was no state action and Blas has no claim that non-judicial foreclosure violates his due process rights.  But even if Fannie Mae somehow were involved, current federal authority suggests that Fannie Mae should not be considered a state actor in foreclosure proceedings.[15]

---

[12]      *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 557 (2017) (quoting 12 U.S.C. § 1716b (2012)).

[13]      *Blas I*, 2017 WL 1379317, at *1.

[14]      *Id*. at *5.

[15]      *See Rubin v. Fannie Mae*, 587 F. App'x 273, 274-75 (6th Cir. 2014) ("[W]e hold that Fannie Mae is not a state actor.  Accordingly, the foreclosure did not violate the Fifth Amendment."); *Lopez v. Bank of Am., N.A.*, 920 F. Supp. 2d 798, 801 (W.D. Mich. 2013) ("Because Fannie Mae is not under permanent governmental control, it is not a governmental actor for purposes of constitutional challenges."); *Dias v. Fed. Nat'l Mortg. Ass'n*, 990 F. Supp. 2d 1042, 1062 (D. Haw. 2013) ("The Court agrees with those courts in this Circuit and others that have considered and rejected Plaintiff's argument that Fannie Mae is a government actor by virtue of the FHFA conservatorship."); *but see Sisti v. Fed. Hous. Fin. Agency*, 324 F. Supp. 3d 273, 281 (D.R.I. 2018) ("The practical reality, then, is that the government can control Fannie Mae and Freddie Mac in perpetuity . . . .  This renders the government's control effectively permanent, and requires Fannie Mae and Freddie Mac to be held to 'the most solemn obligations

(continued...)

6.	Clear Recon now is the trustee for the deed of trust on Blas's home and initiated the foreclosure proceedings he challenges in his current lawsuit. Clear Recon is named as a defendant in Blas's current lawsuit, but it was not named in his previous lawsuits. This is because Bank of America, N.A., as the loan servicer, replaced the previous trustee with Clear Recon in August 2017.[16] Clear Recon's status as a party only to the current lawsuit matters solely as it relates to Blas's claims of alleged Fair Debt Collection Practices Act (FDCPA) violations. We held in *Alaska Trustee, LLC v. Ambridge* that the FDCPA could apply to trustees foreclosing on a deed of trust, depending on the facts of the case.[17] Blas alleged FDCPA violations in his previous lawsuit; in our decision on his first appeal we held that the FDCPA did not apply to Bank of America under the circumstances, but we declined to reach the question whether the FDCPA applied to the then-trustee because Blas had failed to properly join it as a party.[18] Construing Blas's current claims liberally as alleging FDCPA violations by Clear Recon, we nonetheless conclude that his claims fail. The U.S. Supreme Court recently held that the FDCPA does not apply to businesses principally involved in "the enforcement of security interests," except in enumerated circumstances.[19] The Supreme Court's interpretation is contrary to our *Ambridge* decision interpreting the FDCPA as generally

---

[15]	(...continued) imposed in the Constitution.' " (quoting *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 397 (1995))).

[16]	We held in Blas's first appeal that Bank of America had authority to replace trustees on the deed of trust. *Blas I*, 2017 WL 1379317, at *6.

[17]	*See* 372 P.3d 207, 212-22 (Alaska 2016).

[18]	*Blas I*, 2017 WL 1379317, at *4.

[19]	*See Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1035-38 (2019).

applying to businesses enforcing security interests, in addition to the special provisions applying to businesses principally involved in enforcing security interests under enumerated circumstances.[20] Because Blas does not allege that Clear Recon falls within any of the enumerated circumstances, we conclude that he has not raised a valid FDCPA violation claim against Clear Recon.

       7.    Based on the doctrine of res judicata, and as otherwise noted, we therefore AFFIRM the superior court's grants of summary judgment in favor of Bank of America and the other defendants.

---

[20]    *See Ambridge*, 372 P.3d at 219.